## No. 6119.

### PATRICK HIGGINS vs. C. C. HALEY.

This case being before this court in April, 1874, was remanded with direction to the district judge to hear the testimony offered by plaintiff on his motion for a new trial. This decree divested this court of jurisdiction and placed the case before the court *a qua* for the purpose of hearing evidence and trying the motion for a new trial. This trial was subsequently had, according to the direction from this court, the testimony heard, found ineffective, and the rule for a new trial discharged.

Instead of taking an appeal from the final judgment on the merits after the discharge of the rule for a new trial, the counsel of plaintiff and defendant agreed to submit the case on the record on file in this court when the judgment of April, 1874, was rendered, no time being fixed for said submission. The matter was delayed for more than twelve months, and was neglected on account of the ill-health of plaintiff's counsel.

Plaintiff now takes a rule on defendant to show cause why the agreement should not be carried into effect and the case submitted on the old record on file in this court at the time the case was decided in April, 1874. But when that decision was rendered, this court was divested of jurisdiction, and the case passed as fully under the control of the district court as if no appeal had been taken.

More than one year has elapsed, and there has been no order of appeal granted by the judge; no bond has been filed, and no transcript. Assuming that the agreement of counsel could be substituted for an order of appeal and bond, no action has been taken thereon within the time allowed for the exercise of the right of an appeal. The agreement of counsel can not vest this court with jurisdiction of a case in the absence of an order of appeal and an appeal bond. The Code of Practice points out the form to be pursued to transfer jurisdiction from the inferior courts to the Supreme Court. The rule must be discharged.

ON plaintiff's motion that defendant show cause at the time fixed why the agreement to submit the above entitled case should not be submitted on the briefs now on file and to be filed within ten days. *Hays & New*, for plaintiff. *J. Livingston*, for defendant.

WYLY, J. In April, 1874, this case was before this court and the judgment was annulled and reversed, and the case remanded with direction to the district judge to hear the testimony offered by plaintiff on his mo-

tion for a new trial on the ground that the jury had been improperly influenced. See the case reported in 26 An. 368. This decree divested this court of jurisdiction and placed the case before the court *a qua* for the purpose of hearing evidence and trying the motion for new trial. This trial was subsequently had, and the mover failed to establish the charge that the jury had been improperly influenced, and the court therefore discharged the rule for a new trial. Instead of taking an appeal from the final judgment on the merits after the rule for new trial was discharged, the counsel for plaintiff and defendant agreed to submit the case on the record on file in this court at the time the judgment of April, 1874, was rendered.

No time was fixed within which said submission of the case should be made. The matter was delayed for more than twelve months, and was neglected on account of the ill-health of plaintiff's counsel.

Plaintiff now takes a rule on defendant to show cause why the agreement should not be carried into effect and the case submitted on the old record on file in this court when the case was decided in April, 1874.

When the decision of 1874 was rendered this court was divested of jurisdiction, and the case passed as fully under the control of the district court as if no appeal had been taken. Now, what gives this court jurisdiction? More than one year has passed and there has been no order of appeal granted by the judge, no bond has been filed, and no transcript has been filed. Is the judgment of the court below to stand forever? Assuming that the agreement of counsel could be substituted for an order of appeal and bond, no action has been taken thereon within the time allowed for the exercise of the right of an appeal.

But the agreement of counsel can not vest this court with jurisdiction of a case in the absence of an order of appeal and an appeal bond. See the cases of Dupré vs. Mouton, 23 An. 543; Norris vs. Warren, 22 An. 458; Louisiana State Bank vs. Barrow, 24 An. 276; Moore vs. Simms, 21 An. 649.

The Code of Practice points out the form to be pursued to transfer jurisdiction from the inferior court to the Supreme Court.

It is therefore ordered that the rule herein be discharged at the costs of the mover.

----

LUDELING, C. J., *dissenting.* I am constrained to dissent in this case. When this case was before this court the judgment was *annulled and reversed,* and the case was remanded on the ground that the court *a qua* should have received evidence on the motion for new trial. This court never passed upon the merits of the case. After the case was returned to the lower court the new trial was refused, and thereupon, to save

time, trouble, and expense, it was agreed that, without any further action on the part of the district court, the case might be submitted to this court on the record already filed in this court. I can not imagine why this agreement is not valid. All agreements may be made which are not prohibited. I know of no law forbidding such an agreement. Certainly no article of the Code of Practice forbids it. Nor has this court ever decided that parties could not make an agreement like the one in question. The cases cited are not in point. In Moore et al. vs. Simms, 21 An. 649, it was decided that an *affidavit of a district judge* that an order of appeal had been granted was not sufficient to maintain the appeal— that not being the way to prove such fact.

In Norris vs. Warner, 22 An. 458, it was decided that " the entry that a motion for appeal was filed, does not show that it was granted."

In Dupré, etc., vs. Mouton, it was decided that an agreement entered on the minutes of the court, before judgment, giving to either party a devolutive or suspensive appeal from such judgment as might be rendered by the judge who had the case under advisement, was not an appeal. 23 An. 543.

In the case of the State Bank of Louisiana vs. D. N. Barrow et al., 24 An. 276, it was said: " We also find the agreement of counsel that one transcript shall be made for the two appeals taken in this case," and it was held that " as neither of the appeals has been perfected, one for want of an appeal bond, the other for want of an order of appeal," the appeal had to be dismissed. It is true, in that case, it was said that consent could not give jurisdiction, but it was an *obiter dictum*.

The case under consideration is very different from the above cases. From the judgment of the lower court an order for an appeal *was regularly obtained*, and the transcript of appeal was duly filed in this court, but the case was remanded on an exception, as already stated. After the appellant had failed to obtain the advantage expected by that exception, the agreement to submit the case on the record filed was entered into. If any valid objection could be urged against the submission under that agreement, it would be that the appeal was *premature*, as no judgment had been rendered by the court *a qua*, the former judgment having been annulled and reversed. But I can not appreciate the force of the objections urged against the validity of the agreement of the parties to submit to this court the determination of their disputes on a record which contained a judgment and an order of appeal, even though that judgment had been technically reversed for the purposes stated. It would be a vain thing to require the judge to render anew the same judgment, and take another order of appeal, and file a new transcript of appeal in this court, in order to enable this court to decide the case. Litigants ought not to be required to do a vain thing. But I understand

the only objection urged by counsel for appellee is that the case was not submitted in time. No time is specified within which the case was to be submitted, but if the delay were unreasonably long, the appellee was at least as much in fault as the appellant. Nothing prevented him from submitting the case if he had chosen to do so. Besides, the illness of the appellant's counsel was an an excuse for his delay in submitting it. I think that justice requires that the case should be submitted under the aforesaid agreement.

MORGAN, J. I concur in this opinion.