rROVOSTY, J.
Motion is made to dismiss this appeal on the following grounds:
“(1) That said appeal was not taken and filed within the required delay as fixed by law.
“(2) That the transcript herein filed is not complete, and does not contain all the documents pertaining to same.
, “(3) That all parties were not made and cited to this appeal.
“(4) That the certificate of the clerk is not such as the law requires, as it shows certain documents as not being included in the transcript.”
[1,2] We learn from the brief that the first of these grounds of dismissal is based upon the fact that the bond of appeal was filed more than 12 months after the date of the judgment. As an allegation of that fact the language of the motion to dismiss is too vague and general. Vague and general allegations will not support a pleading in this court any more than in the trial court. The same generality and vagueness is found in the language of the second and fourth grounds. These three grounds are not stated with sufficient particularity to call for consideration. But we will add that even if well pleaded they could not avail, as they are based on mere irregularities which in order to serve for the dismissal of an appeal would have had to have been called to the attention of the court within 3 days from the filing of the transcript; and the motion to dismiss in this case was not filed within that time. Coreil v. Welsh, 120 La. 558, 45 South. 438; Barton v. Burbank, 119 La. 227, 43 South. 1014.
[3] The facts in connection with the allegation of want of proper parties, constituting the third ground of dismissal, are as follows: The suit originally was against the Bank of St. Bernard alone, in damages for failure to honor the checks of plaintiff. The reason of the bank’s refusal was that the collaterals which were to serve as security for the payments which were to be made for plaintiff were garnished by one Leon Bouziques. The bank filed an exception of no cause of action. Before this exception had been fixed for trial, plaintiff filed a supplemental petition, alleging that the garnishment had been illegal, and asking for judgment in solido against the bank and Bouziques. The suit against Bouziques was in tort; that against the bank was originally on contract, and continued to be so. No allegation was made in the supplemental petition connecting the bank in any way with the alleged tort. To this supplemental petition the bank filed the same exception as to the original petition: That it showed no cause of action. The exception to the original petition had not stated why a cause of action *147 was not stated. That to the supplemental petition did so. It averred that no cause of action was shown for the reason that the bank was justified in refusing to make further payments after the collateral security had been garnished.
Tlie reason assigned by Bouziques in his exception why the petition showed no cause of action against him was that the petition did not deny that the garnishment had issued upon a judgment.
The minutes read that “the exception” was fixed for trial; that “the exception” was argued and submitted; and that the court rendered the following Judgment:
“It is ordered, adjudged and decreed that there be judgment herein in favor of defendant Bank of St. Bernard, and against plaintiff!, Joseph Bordes, sustaining the exception of no cause of action herein filed by defendant, and dismissing plaintiff’s suit at his costs.”
One day short of 12 months thereafter plaintiff filed a petition for appeal, in which he alleged and prayed as follows:
“That a judgment in favor of the Bank of St. Bernard, one of the defendants herein, was rendered and signed on December 15, 1918; that said judgment is contrary to the law and the evidence; and that 'petitioner is aggrieved thereby and desires to appeal therefrom devolutively to the honorable Supreme Court of the state of Louisiana.
“Wherefore petitioner prays that an order of appeal devolutive from said judgment, returnable, * * * and further prays that the Bank of St. Bernard be cited. * * * ”
The court made its order in conformity with this prayer; that is to say, granted the order of appeal and directed the Bank of St. Bernard to be cited.
The question presented is whether, under the foregoing circumstances, Bouziques was a necessary party to the appeal.
It will be noted that the minutes read that “the exception,” in the singular, not the exceptions, in the plural, was fixed for trial and tried; and that the judgment is in favor of “the defendant, Bank of St. Bernard,” with no mention of Bouziques.
According to this, Bouziques was no party to the judgment.
But it will be noted, on the other hand, that by the judgment the suit for plaintiff is dismissed with no reserve as to Bouziques; in other words, is dismissed as to both defendants, apparently.
The cause of action against the bank not having been the same as that against Bouziques, and the minutes and the judgment not showing positively that the cause of action as against Bouziques was passed on, we think that the situation must be taken to be that the judgment was only as between plaintiff and the bank, and that therefore Bouziques was not a party to it, and is not interested in its maintenance, and was properly left out of the appeal.
The motion to dismiss is therefore overruled.