SAVOY, Judge.
This matter is before this Court on an appeal by defendant wherein he states he is aggrieved by a judgment of the district court wherein the district judge did not .consider his reconventional demand. Ap-pellee filed an answer to the appeal. The appeal was filed on June 17, 1963, and the answer to the appeal and the motion to dismiss were filed on July 1, 1963.
In his answer to the appeal, plaintiff-appellee asserts that the appeal should be dismissed on the grounds that no^ notice of appeal was served on him, and that the appeal was not timely filed because of the failure of the lower court to fix the appeal bond. Article 2161 of the LSA-Code of Civil Procedure provides that a motion to dismiss an appeal because of any irregularity, error or defect which is imputable to the appellant must be filed within three (3) days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later. It has also been held that a motion to dismiss leveled at an irregularity or error in the order of appeal or in the appeal bond must be filed within three (3) days of the return day. Esparros v. Vicknair, 191 La. 193, 184 So. 745. This appellee has not done; therefore, his motion to dismiss the appeal is without merit. See Watson v. Young, (La.App., 1 Cir., 1948), 34 So.2d 86.
On the main demand, the trial judge has thoroughly analyzed the evidence in the instant case and has assigned written reasons for the judgment. We hereby adopt his reasons as our own, to-wit:
“This is a suit by Simon Young against Octave Daire, seeking to annul two acts of sale which occurred between them. Copies of these sales are in evidence.
“The position of the plaintiff, Simon Young, is that there was a failure of cause in that the property purchased was not suitable for what it was intended to be used for, i. e., a colored saloon. Secondly, the plaintiff contends that the sales were never consummated because the completion thereof was contingent on his obtaining a loan to pay for same.
“The position of the defendant is, first, that the cause for this sale did not fail in that the property was suitable for a saloon and that there has been a saloon on the premises for many years. Secondly, the sales were completed and they were not contingent on the plaintiff obtaining a loan.
“The evidence indicates that Mr. Young approached Mr. Daire with reference to the sales. At that time Mr. Daire told him that he would sell his property for the sum of Eight Thousand ($8,000.00) Dollars, and that he would take a small house from Mr. Young, which was valued at Thirty-five Hundred ($3,500.00) Dollars as part-payment thereof. At that time Mr. Young stated that he told Mr. Daire that it would be necessary for him to obtain a loan prior to entering into the transaction. Mr. Daire testified that he told him that whenever he would get ‘fixed up’ to come back and they would pass the sales. Subsequently thereof, Mr. Young approached Mr. Aubrey La-Haye, President of the Guaranty Bank of Mamou, and requested a loan from him on certain properties and Mr. LaHaye testified that there was a misunderstanding between him and Mr. Young as to exactly what property and as a result, the proposed loan was turned down by the bank. However, in the meantime, Mr. Young called on Mr. Daire and told him to go to Mr. Paul Tate’s office, Mr. Paul Tate is a lawyer and Notary Public in Mamou, Louisiana, to sign the papers and that they were *355 all ready. Mr. and Mrs. Daire proceeded to the office of Mr. Paul Tate and signed the sales. While they were there, Mr. Daire made a check out to Mr. Young for Thirty-five Hundred ($3,500.00) Dollars and Mr. Young made a check out to Mr. Daire for Eight Thousand ($8,000.00) Dollars, the price of the properties involved. The checks were to remain in the office of Paul Tate until such time as their respective business would be taken care of by Mr. Tate. Mr. Daire instructed Mr. Tate to use part of his money to cancel a certain mortgage which he had on the property in order to give Mr. Young a clear title. These sales were consummated on July 3, 1961.
“In the meantime, Mr. Tate obtained a release from the loan company of Ville Platte, Louisiana, which held the mortgage on this property and was advised by their attorney that as soon as he would give them the money that the cancellation would become effective. However, in the meantime, and prior to the cancellation of this mortgage, Mr. Young, on July 13, 1961, discovered that there was some opposition by the local residents to the operation of this Negro nightclub. Mr. Young discovered this after he had obtained a license to operate from the Town of Mamou, but prior to obtaining a license from the State of Louisiana. With this information and without looking any further into the matter, Mr. Young called Mr. Tate and asked him to return his check of Eight Thousand ($8,000.00) Dollars, since he would not go through with the sale. Mr. Tate testified that rather than sending back his check, he sent the two checks to the payees. Subsequently, this suit was instituted.
“With reference to the argument that the sales were contingent upon Mr. Young’s obtaining a loan, the evidence indicates that this was not so. Mr. Tate testified that he, as a Notary Public and lawyer, considered the sales completed. He also testified that he was not advised that they were to be contingent on any loan. Mr. Young himself, testified that he never did attempt to borrow money from any other lending institution after the bank had turned him down.
“The testimony of Mr. Daire is also to the effect that when Mr. Young first approached him about the sale he was aware that Mr. Young would have to obtain a loan from someone and told him that when he got the money to let him know and he would sell the property. Upon being called upon by Mr. Young, Mr. Daire signed these papers after Mr. Young said it was all fixed up. Under the evidence in this case, the court holds that the sales were completed and they were not contingent upon a loan.
“With reference to the failure of cause complained of by Mr. Young, the evidence indicates that Mr. Daire had operated this place of business as a saloon for a good many years and in fact, it was still being operated when the sale took place. Mr. Young argues that Mr. Daire knew that there was going to be opposition to the operation of a saloon, but instead of revealing this information to him, he misrepresented the fact and for that reason, the sale should be annulled and void.
“In support of this argument, the plaintiff presented on the witness stand seven (7)- Negroes who testified that they had circulated a petition and signed same to the opposition of the continuance of this saloon. However, not one of them testified that they told Mr. Daire that they were opposing the renewal of the license to operate this club. Thus, there is no evidence in the record that Mr. Daire, even if it were to be held that Mr. Young did all in his power to obtain a Louisiana license to operate, which he did not, knew that there was going to be opposition to the renewal. Therefore, the court holds that the plaintiff has failed to carry the burden of proof required under these proceedings and his suit should be dismissed.
“Since there is no evidence'to support his claim for damages, same is denied. The claim for attorney’s fees is likewise denied.”
*356 The district judge did not consider the reconventional demand filed by defendant in rendering his decision. In the interest of justice, we are remanding the case to the district court for the purpose of allowing the district judge to decide the reconven-tional demand filed in the instant case.
For the reasons assigned, the judgment of the district court is affirmed on the main demand, and remanded to the district court to decide the reconventional demand. Costs of this appeal to be paid by appellant.
Affirmed in part and remanded in part.