170 So.2d 516 (1965)
Edith Mae BRITT
v.
James BROCATO and Anthony Brocato.
No. 1636.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1965.
Rehearing Denied February 8, 1965.
Salvador Anzelmo, New Orleans, and Alvin W. LaCoste, for plaintiff-appellant.
Cabibi & Cabibi, Charles E. Cabibi, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and HALL, JJ.
PER CURIAM.
We rendered the judgment in this case on December 7, 1964. On December 21, 1964, just three days after defendants-appellees had filed an application for rehearing which we had not acted upon and which we will not consider due to the result reached in this per curiam, the appellees, for the first time, filed a motion to dismiss the appeal on the ground that the appeal bond had not been timely filed.
The appeal is a devolutive one. The judgment appealed from was rendered on March 11, 1964 and on the same day the clerk of the trial court mailed the notice *517 of judgment as required by LSA-C.C.P. Art. 1913. Plaintiff-appellant did not apply for a new trial. The petition for appeal was filed, and the order granting the appeal was signed, on May 20, 1964. The appeal bond was furnished on July 10, 1964.
Appellant opposes the motion to dismiss on the ground that it was not filed within the time required by LSA-C.C.P. Art. 2161 and therefore cannot be considered. That article reads as follows:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." LSA-C.C.P. Art. 2161.
We cannot agree with appellant's contention. Article 2161 is inapplicable in the instant case.
LSA-C.C.P. Art. 2087 provides that a devolutive appeal may be taken, and the security therefor furnished, only within ninety days of the expiration of the delay for applying for a new trial if no application for a new trial has been filed timely. Under LSA-C.C.P. Art. 1974 the delay for applying for a new trial is three days, exclusive of holidays, which delay commences to run after the clerk has mailed the notice of judgment. The notice of judgment in the instant case having been mailed on March 11, 1964 and the appeal bond having been furnished on July 10, 1964, it is quite clear that the appeal bond was furnished after the expiration of the ninety day period within which the devolutive appeal must be taken.
Failure to furnish an appeal bond in the time within which the devolutive appeal must be taken is a jurisdictional defect; the appellate court does not acquire jurisdiction of an appeal which has not been perfected by the filing of the appeal bond within the time prescribed by law. Thompson v. Bamburg, 231 La. 1082, 93 So. 2d 666; Fisher v. International Brotherhood, Etc., 218 La. 243, 48 So.2d 911; Schneider v. Manion, 217 La. 118, 46 So.2d 58; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Succession of Dahm, 166 La. 774, 117 So. 826; Lafayette v. Farr, 162 La. 385, 110 So. 624; Hyman v. Veith, 142 La. 933, 77 So. 854; People's Bank of Elton v. Arceneaux, 134 La. 292, 64 So. 116; Upton v. Adeline Sugar Factory Co., 109 La. 670, 33 So. 725; Untereiner v. Miller, 29 La.Ann. 435; Higgins v. Haley, 28 La. Ann. 216; Marigny v. Stanley, 2 La. 322; Spears v. Fourmy, La.App., 150 So.2d 342; Wulff v. Mayer, La.App., 144 So.2d 246; Munsch v. Rinkus, La.App., 109 So.2d 101.
The pertinent articles, 2087, 2161 and the first paragraph of 2162, of our present Code of Civil Procedure make no change in this jurisprudence or in our former Code of Practice (see comments under Arts. 2161 and 2162) except to reduce the delay for taking a devolutive appeal from one year to ninety days. Article 2161, quoted above, specifically excludes those cases provided for in Art. 2162 from the requirement of filing a motion to dismiss within the three day period. The first paragraph of Article 2162 reads as follows:
"An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned." (Emphasis ours.) LSA-C.C.P. Art. 2162.
As we have already pointed out, under Article 2087 and under our jurisprudence a litigant loses his right to appeal unless he takes the appeal and furnishes the security therefor within the ninety day period set *518 out in that article; both the taking of the appeal and the furnishing of the security must be done within the ninety day period or the right to appeal is lost. Upon failure to furnish the security timely there is no right to appeal and the appeal can be dismissed at any time under the wording first emphasized in the quoted first paragraph of Article 2162.
The cases cited by appellant in support of her contention are Carter v. Levy, La.App., 156 So.2d 119, Cigali v. Kaplan, La.App., 34 So.2d 924, and Bordes v. Bank of St. Bernard, 141 La. 144, 74 So. 884. But those cases are distinguishable on several grounds, and with the exception only of Bordes v. Bank of St. Bernard, the most noteworthy of these grounds is that each is concerned with a suspensive rather than a devolutive appeal and the time prescribed for the taking of a devolutive appeal had not expired. As pointed out in the case of Lafayette v. Farr, supra, there is an important distinction between the two appeals in connection with the problem we are discussing. Whether an appeal is suspensive or devolutive is a matter which concerns only the parties to the suit. And as the time prescribed for the taking of a devolutive appeal is longer than that prescribed for the taking of a suspensive appeal, the right to appeal still exists when the time for taking a devolutive appeal has not expired even though the time for taking a suspensive appeal has elapsed. But when the time for taking a devolutive appeal has expired the right to appeal no longer exists, the appellate court has no jurisdiction, the time for perfecting the appeal cannot be extended and the appeal must be dismissed. In Bordes the pertinent language is only dicta and later Supreme Court cases, some of which are cited hereinabove, hold contrary to that dicta.
We maintain the motion to dismiss with reluctance, especially at this late date after we have decided the appellant was entitled to some relief not afforded by the trial court judgment and in view of the fact that the appeal bond, although not furnished timely, actually gives to the appellees as much protection as would have been the case if it had been timely filed. But we must follow the clear and unequivocal statutory law and jurisprudence.
For the reasons assigned, our opinion and decree handed down herein on December 7, 1964 are now recalled and annulled and the appeal taken by plaintiff, Edith Mae Britt, is dismissed; costs to be paid by said plaintiff-appellant.
Application for rehearing not considered; opinion and decree recalled and annulled; motion to dismiss maintained.