FRUGÉ, Judge.
This case arises out of an automobile accident that occurred in the City of Lake Charles, Louisiana, at the intersection of Lake Street and Sale Road on December 7, 1962, at approximately 12:30 A.M., when the southbound vehicle owned and operated by Mr. Jerry Borel was struck by the following southbound vehicle driven by Mr. William Cretini while Borel was negotiating a right turn.
Suit was filed by Mr. Borel, driver of the forward vehicle, against Mr. Cretini and Mr. Bill G. Orrell, the owner passenger of the following vehicle. Mr. Orrell then filed suit against Mr. Borel’s insurer, Southern Farm Bureau Casualty Insurance Company, seeking damages for personal injuries and for property damage to his automobile. The suits were consolidated for trial on the merits.
The district judge concluded that both drivers, Mr. Borel and Mr. Cretini, were guilty of negligence proximately causing the accident. He further concluded that Mr. Orrell and Mr. Cretini were joint adventurers and for that reason Cretini’s negligence was imputable to Orrell. The suits brought by Borel and Orrell were dismissed with costs of trial being born equally by them. Only Mr. Orrell has appealed the district court’s judgment.
A review of the evidence shows that immediately prior to the accident both vehicles were proceeding south on Lake Street. Lake Street, although 33 feet in width, is a two-lane street, one lane reserved for northbound traffic and the other for southbound. The forward vehicle, a 19S6 Ford pickup truck, was being driven by Mr. Borel at a speed of approximately 20 miles per hour. Following him was a 1958 Chevrolet automobile driven by Mr. Cretini and owned by Mr. Orrell, a passenger in the automobile seated next to the driver. Mr. Ovie Trahan, a third passenger in the Chevrolet, was seated in the back. The occupants of this vehicle testified they were traveling at a speed of from 30 to 35 miles per hour.
Immediately prior to arriving at the intersection of Lake Street and Sale Road, Mr. Borel pulled his pickup truck over toward the center line to the extreme east side of the southbound lane. He then attempted a right hand turn into Sale Road and was struck by the following automobile. Mr. Cretini testified that when Borel pulled to the left he thought Borel was going to turn left rather than right, but that he was not sure what maneuver Borel intended. Mr. Borel explained that there was a wooden barricade blocking part of the entrance to Sale Road and it was therefore necessary for him to veer toward the center of Lake Street before making a right turn. Mr. Borel gave no hand signal whatsoever of his intention to negotiate a turn. The pickup truck was not equipped with a mechanical indicator device. Mr. Borel testified that he looked through his rear view mirror before making the turn but saw no following vehicle.
The physical evidence shows that the collision occurred in about the center of the southbound lane of Lake Street when the pickup truck was struck on its right side by the left front of the following Chevrolet automobile. Apparently, from examining the photographs of the Borel pickup truck, the principal point of impact was to the right rear of the truck’s cab.
The trial judge found Borel to be negligent in failing to observe the following automobile and in failing to give some signal of his intended maneuver. We are in accord with these findings. As stated in the assigned written reasons for judgment, “Lake Street runs in a straight line north and south, and there is no valid reason why Borel should not have seen the vehicle following him before he attempted his turn.” We are not impressed with defendant’s contention that the Orrell owned automobile was in a blind spot so that it could not be seen by Borel. The testimony *182 shows that the Chevrolet was following directly behind the pickup truck just prior to the time Borel veered to the left in order to negotiate the right hand turn. If the Chevrolet was in a blind spot, this occurred after Borel began his unorthodox maneuver. Even should it be conceded that Borel did look in his rear view mirror, he was negligent in not observing the following vehicle. To look and not to see what he should have seen is the equivalent of not having looked at all. Jones v. Armstead, La.App. 1 Cir., 169 So.2d 268.
We also agree with the district court’s finding that Mr. Cretini, the driver of the following automobile, was contributorily negligent. On having observed Borel veering to the left and being in doubt of what maneuver Borel intended, Mr. Cretini failed to take the slightest precautionary measure. Instead he maintained his speed and placed himself in the position of passing a preceding vehicle on the right side on a two-lane thoroughfare at an intersection.
For present purposes, however, the contributory negligence of Cretini is of no moment since we are convinced that the trial judge erred in imputing Cretini’s negligence to the owner-passenger, Orrell. Appellant Orrell was precluded from recovery not because of any independent negligence on his part but solely because the trial judge found that Cretini, Orrell and Trahan were joint adventurers and therefore the negligence of one was to be imputed to all.
The Louisiana Supreme Court, in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, overruled prior court of appeal decisions imputing negligence of a driver to the owner-passenger when the imputation was based solely on the owner-passenger’s theoretical right to control the operation of the vehicle. However, the court indicated that such an imputation of negligence may at times be appropriate where the driver and owner-passenger are engaged in a joint adventure.
In the instant case the trial court made the following factual determination:
“ * * * the evidence establishes that Orrell, Cretini and Trahan had been, together from about 6:30 P.M. on December 6th to the time of the accident: at about 12:25 o’clock A.M. on December 7th. All three were on a rabbit hunting trip and had made at least two stops during the evening to drink beer. The evidence shows that Orrell' and Cretini had at least two beers during the evening, and that all three had been drinking beer. Orrell testified that Cretini was driving Orrell’s carat the time of this accident as a result of Orrell’s request, because Orrell was. tired of driving; that they had been in. the vicinity of Iowa looking for rabbits and that Orrell had done all of the driving at that time. The occupants of the Orrell vehicle testified that they were proceeding to an area south of' Lake Charles, at the time of the accident, to further engage in the hunting of rabbits. Orrell was sitting in the-right front seat of his car, next to. Cretini, who was then driving. Undoubtedly, all three were engaged in. a joint enterprise and the purpose of' the enterprise was for the mutual benefit of each.”
The leading case of Squyres v. Baldwin, 191 La. 249, 185 So. 14, held that for thereto be a joint adventure between driver and, passenger, there must be not only a joint interest in the object of the tiling but also; equal right to direct and control each other’s conduct in the operation of the-conveyance. In that case, the fact that the guest paid for the entire expense of' gasoline and oil was insufficient to establish. the existence of a joint adventure.
In our view, plaintiff Orrell had' no more than a theoretical right of control' over Cretini’s operation of the automobile, which theoretical right was due solely to-his status as owner of the automobile. As stated in Gaspard v. LeMaire, supra, and *183 -as 'quoted in Dowden v. Southern Farm Bureau Casualty Insurance Company, La.App. 3 Cir., 158 So.2d 399, “It is unrealistic to hold, in the present day uses of motor vehicles when heavy traffic is the rule and not the exception, that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator.” We do not believe there existed :that dégree of right of control over the actions of each other between Cretini and Orrell that is necessary to establish the existence of a joint adventure. We therefore reverse the district court insofar as -it barred appellant from recovering because of imputation of the contributory negligence of Cretini to plaintiff.

Quantum

Immediately after the accident, Mr. Or--rell was taken to Lake Charles Memorial Hospital, where he received emergency -treatment, diagnostic studies and therapy. He was released that same night to allow liim to return to his home.
The medical reports introduced by ap-pellant show that he incurred injuries described as a contused chest or sprain of the second and third costal cartilages, a ■dorsal laceration of the right hand, which laceration required four sutures, and abrasions to the nose and forehead. Neither examining physician foresaw any perma.nent disability.
Orrell testified that he endured chest -pain until March of 1963, when the pain subsided. He further testified that this -pain occurred mostly while doing strenuous work.
We find that Orrell suffered injuries slightly in excess of those of the plaintiff in the case of Thomas v. Morris, La.App. 1 Cir., 157 So.2d 902, where an award of $500.00 was made for pain and suffering. The injuries received by Or-rell were similar to those of the plaintiff in Vest v. State, La.App. 1 Cir., 90 So.2d 896, where $740.00 was awarded. We therefore believe that an award of $750.00 for pain and suffering will do substantial justice.
Mr. Orrell proved medical expenses to the extent of $86.50. This amount is accordingly awarded.
Mr. Orrell, age 31, is employed as a lineman for Southern Bell Telephone Company. As a result of his injuries, he was unable to perform any of his work for two days and did work of a lighter nature than his regular job required for a period of approximately ten days after the accident. He testified, however, that the accident did not actually cause him to lose any of his regular wages. Therefore, no award is due, no wages having actually been lost.
It appears undisputed that Orrell’s automobile was damaged to the extent of $300.-00. We therefore award recovery for that amount.
For the reasons assigned herein, the judgment of the district court is reversed and it is hereby ordered, adjudged and decreed that appellant, Bill G. Orrell, recover from defendant, Southern Farm Bureau Casualty Insurance Company, the total amount of $1,136.50. Cost of this appeal, and the costs of trial previously assessed to appellant, shall be borne by defendant, Southern Farm Bureau Casualty Insurance Company.
Reversed and rendered.