CHRIS T. BARNETTE, Judge pro tern.
Judgment was rendered in the First City Court, City of New Orleans, in favor of plaintiff in the amount of $298.91, January 31, 1964, signed and filed February 6, 1964. On February 14, a motion was made by defendant for a new trial and an order signed fixing the hearing on the motion February 24. Before the motion could be heard, the judge before whom it was pending died. After several months’ delay, her successor in.office heard the motion for new trial on October 20, 1964, and on October 27, 1964, according to minute entry in the record before us, new trial was refused. On November 13, 1964, a petition and order for devolutive appeal was filed granting appeal and fixing the return day. No appeal bond was ordered and none was filed.
The case was regularly docketed, argued, and submitted on briefs in this Court and taken under advisement. Neither counsel has questioned the validity of the appeal'. The delay in making application for new • trial, and the delay in applying for the appeal was discovered by this Court when the record was examined more closely. We must therefore take notice that there is no right of appeal, the same having not been timely taken, and this Court is without jurisdiction and the appeal must be dismissed.,. LSA-C.C.P. art. 2162. Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965).
This being a city court case involving more than $100, the procedure is governed by LSA-C.C.P. arts. 5001 and 5002, which provide as follows:
“Except as otherwise provided in Article 5002, the procedure in a civil case in a city court of which a justice of the peace does not have concurrent jurisdiction is tlie same as that provided by law for a civil case in the district court of the parish in which the municipality is situated.” (LSA-C.C.P. art. 5001)
“The delay for answering shall be stated in the citation and shall be five *5 days, exclusive of legal holidays. A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may he rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may he applied for within three days, exclusive of legal holidays, of the date of judgment, or within three days of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may he granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.” (LSA-C.C.P. art. 5002)
It will readily be observed that the application for new trial was not made within three days as required by Article 5002, for, as above pointed out, the judgment was signed and filed on February 6, and application and order for new trial was filed February 14. No notice of judgment was necessary (LSA-C.C.P. arts. 4898 and 5002) ; therefore, the three days, exclusive of legal holidays, began to run February 6. The application on February 14 came too late; even making allowance for the intervening Saturday, Sunday, and Mardi Gras Day (February 11).
The petition for devolutive appeal filed on November 13 (the order having been signed on the 12th) was sixteen days after the judgment of the court of October 27 refusing a new trial. The appeal should have been applied for within ten days according to Article 5002. This delay for taking appeal is the Same whether it be suspensive or devolutive.
This Court recently had before it in Britt v. Brocato, supra, decided January 11, 1965, a similar situation. There, the tardiness of filing the appeal bond was not brought to this Court’s attention until after a judgment had been rendered and after an application for rehearing had been filed. This Court held that the appeal had not been timely perfected because of failure to furnish the bond required within the delay provided by law. Accordingly the appellant had lost his right to appeal and the same was dismissed under LSA-C.C.P. art. 2162.
In the instant case, because of the failure to apply timely for a new trial, the Court should not have considered it. The application for a new trial having no effect, the delay for taking appeal was ten days after the expiration of the time allowed for applying for new trial, and the appeal taken more than eight months later came too late. But even if we should consider the application, for new trial to have been timely made, the appellant then failed to appeal within ten days after the refusal of the motion for new trial. His right to appeal was lost, and there being no “right to appeal” the sanie shall be dismissed.
This is not a defect or irregularity which can be cured by consent of the litigants. Where there is no right to appeal this Court is without jurisdiction to hear the appeal even though neither party has raised the issue. We would be in the same situation we found ourselves in in Britt v. Brocato, supra, if after rendering judgment and pending an application for a rehearing, the issue should then be raised.
Therefore, the appeal is dismissed at appellant’s cost
Appeal dismissed.