PER CURIAM.
Defendant-appellee, Southern Farm Bureau Casualty Insurance Company, by writ *842 ten motion to vacate judgment, seeks to set aside the judgment rendered against it by this court, reported at 172 So.2d 180 (La.App. 3 Cir., 1965), on February 10, 1965, and to dismiss the appeal prosecuted by Bill G. Orrell, plaintiff-appellant.
On September 18, 1964, plaintiff was granted a devolutive appeal by the district court, conditioned upon the appellant’s furnishing bond in the amount of $500. The bond was not timely filed; however, this was not called to our attention. After the appeal was filed with and argued before us, this court reversed the district court and rendered judgment in favor of plaintiff-appellant. Defendant-appellee’s motion for rehearing was denied on March 10, 1965. On March 15, 1965, this court received notice of defendant-appellee’s intention to' apply for writs to the Supreme Court of Louisiana, and on April 8, 1965, this court received notice that writs had been applied for. Defendant-appellee’s motion to vacate and dismiss was filed on April 19, 1965. Therefore, the judgment rendered by this court became final in this court, although not executory under LSA-C.C.P. Art. 2167 since defendant-appellee timely applied for writs to the Louisiana Supreme Court.
In support of its motion to vacate and dismiss, defendant relies upon the case of Britt v. Brocato, 170 So.2d 516 (La.App. 4 Cir., 1965), writs denied, Britt v. Brocato, 247 La. 618, 172 So.2d 701-702. In that case, a similar, but distinguishable, situation was presented to the Fourth Circuit Court of Appeal. There, the appeal involved was devolutive and the motion to dismiss was filed pending application for rehearing; the court sustained the motion basing its decision upon the failure of appellant to file timely his appeal bond. It can readily be seen that the instant case is distinguishable from the Britt case, in that the judgment rendered in the Britt case h'ad not yet become final in that court when the motion‘was entertained.
Defendant-appellee also relies upon jurisprudence to the effect that failure to file timely the devolutive appeal bond is a jurisdictional defect, and under LSA-C.C.P. Arts. 2087, 2088, 2161, and 2162 this court never acquired jurisdiction to hear the appeal and that the appeal can be dismissed at any time.
Art. 2087 provides the time in which a devolutive appeal may be taken, and Art. 2088 provides that “The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal.” Art. 2161 provides in essence that an appeal may be dismissed due to irregularities, errors or defects imputable to the appellant within three days of the return date or the date on which the record on appeal is lodged in the appellate court, whichever is later; and Art. 2162 provides in pertinent part that “An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no fight to an appeal * *
The great weight of jurisprudence is' to the effect that the failure to file timely a devolutive appeal bond is a jurisdictional defect, and a motion to dismiss based on that ground may be filed after the three-day period as provided by Art. 2161, see Britt v. Brocato and the authorities cited therein, 170 So.2d 517. Nevertheless, there is conflicting jurisprudence to the effect that failure to file the bond timely does not go to the jurisdiction of the court but is an error imputable to the appellant, and the motion based on that ground must be filed within the three-day period. See Elliott v. Heard, 217 La. 218, 46 So.2d 249; Bordes v. Bank of St. Bernard, 141 La. 144, 74 So. 884; Esparros v. Vicknair, 191 La. 193, 184 So. 745; and Young v. Daire, 157 So.2d 353 (La.App. 3 Cir., 1963). However, we need not resolve any possible conflict in the jurisprudence since we think *843 the motion must be denied on another ground.
Official Revision Comment (a) of LSA-C.C.P. Art. 2162 states: “The first paragraph of the above article makes no change in the law. Cases illustrating the application of Art. 2161, supra, and the first paragraph of the above article [referring to Art. 2162] are collected in McMahon (19S6 Supp.) 198, n. 26.3.” Referring to that treatise source, numerous cases are cited for the proposition that “When the motion to dismiss strikes at the very foundation of the right to appeal or raises a jurisdictional question, it need not be filed within these three days, but only prior to the appellate court’s decision.” (Emphasis added.) See also Howard v. Insurance Company of North America, 159 So.2d 560 (La.App. 3 Cir., 1964). However, a reading of the cited cases discloses that they do not all stand for the precise proposition above italicized.
The Louisiana jurisprudence does nevertheless indicate that a motion to dismiss is untimely when filed after the case is argued and submitted or at least after the appellate court’s decision. See Monsour v. City of Shreveport, 194 La. 625, 194 So. 569, 572 (1940); Cf., Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633 (1940); Lacaze v. Beeman, 178 So. 660, 662 (La.App. 2 Cir., 1938). Expressions in the jurisprudence are to the effect that motions to dismiss the appeal for jurisdictional defects may be filed any time prior to the decree. Hall v. Federal Land Bank of New Orleans, 177 So. 485 (La.App. 2 Cir., 1937); Danna v. Yazoo & M. V. R. Co., 154 So. 365 (La.App. 2 Cir., 1934). Such a view is in accord with the general practice of other jurisdictions. 5 C.J.S. Appeal and Error § 1374, pp. 473-479.
Accordingly, since Art. 2162 of the Code of Civil Procedure made no change in the prior law, it is the opinion of this court that the motion to dismiss the instant appeal after decision and after the judgment became final in this court is thus untimely and therefore must he denied.
The motion is denied without prejudice to whatever right the defendant-appellee may have to prosecute other proceedings to determine the validity of the judgment rendered as a result of the instant appeal.
Motion denied.