McCALEB, Justice.
 

 This is an action, ex delicto, for personal injuries and property damage sustained in an automobile accident which occurred in the city of Lake Charles on December
 
 7,
 
 1962 when an automobile owned by plaintiff, Bill G. Orrell, struck a car operated by Jerry Borel,'while Borel was negotiating a right turn. Plaintiff’s car was being operated by William Cretini and plaintiff was a passenger therein.
 

 Originally two ..suits were • filed which were consolidated for. .trial in the district court. The first suit was brought by .Borel against Cretini and Orrell for the damages, the former sustained in the accident. Then Orrell brought the . instant matter against Southern Farm Bureau Casualty Ins. Co.; the liability insurer of Borel. Southern Farm denied negligence on the part of its insured and filed a third party demand against Cretini, the driver of the Orrell car, alleging in the alternative that, should judgment be rendered against it, Cretini was responsible for one-half of any damages which might be assessed in favor of Orrell.
 

 After a hearing in the consolidated cases, there was judgment dismissing both suits, the judge holding that the drivers of the respective cars, Borel and Cretini, were negligent and that Cretini’s negligence was imputable to Orrell since he and Cretini were engaged in a joint venture.
 

 . Only Orrell appealed from the judgment of the district court. On September 18, 1964 he was granted a devolutive appeal returnable on November 12, 1964 to the' Court of Appeal, Third Circuit, conditioned upon appellant furnishing bond in the sum of $soo.oo.
 
 [1]
 

 The Court of Appeal reversed the district court and judgment was rendered in favor of Orrell for $1136.50. See Orrell v. Southern Farm Bureau Casualty Ins. Co., 172 So.2d 180. Following a refusal of its petition for a rehearing, Southern Farm timely applied here for certiorari complain
 
 *581
 
 ing of the appellate court’s refusal to impute to Orrell the negligence of his driver, Cretini, and of the failure of the court to consider its third party demand.
 

 While this application for writs was pending, it was discovered by Southern Farm that Orrell had failed to file an appeal bond in accordance with the order granting a devolutive appeal. Whereupon, on April 19, 1965, Southern Farm filed in the district court a rule to show cause why the order of appeal of September 18, 1964 should not be recalled and set aside. And, on April 21, 1965, Southern Farm filed a motion here to stay consideration of its writ application pending the outcome of the proceedings in the district court.
 

 After contradictory hearing on the rule in the district court the judge, on May 5, 1965, made it absolute and recalled and vacated the order of devolutive appeal of September 18, 1964. Meanwhile, Southern Farm filed a motion in the Court of Appeal to dismiss plaintiff’s appeal and vacate the judgment it had rendered. The motion was heard in the Court of Appeal and refused on May 12, 1965 on the ground that it came too late as the judgment of that court had become' final after the denial of Southern Farm’s application for a rehearing. See 174 So.2d 841. Thereafter, while its original application was still pending here, Southern Farm filed another application, on May 25, 1965, to review the action of the Court of Appeal in refusing to dismiss Orrell’s appeal and vacate the judgment in his favor. This application was considered with the present' application on June 7, 1965 and we refused a writ therein (see 247 La. 1013, 175 So.2d 301) and granted the original application (see 247 La. 1022, 175 So.2d 303) so that all questions presented for review might be heard on that application.
 

 It is seen from the foregoing that we are confronted at the outset with the question whether the Court of Appeal ever acquired jurisdiction of the cause' in view of the failure of Orrell to timely perfect his appeal by filing the appeal bond in accordance with the order of the trial court.
 

 Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary,
 
 [2]
 
 we consider it to be now well settled that the failure to perfect an appeal by the timely
 
 *583
 
 filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless, the bond for the appeal is filed within the time prescribed by law. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d
 
 666.
 

 [3]
 

 In Lafayette v. Farr, supra, this Court undertook a review of the prior jurisprudence and held that the failure to perfect an appeal by the filing of the appeal bond was jurisdictional and could be raised at any time, either by the appellee or by the court, ex proprio motu. There, Chief Justice O’Niell observed:
 

 “As we have shown by reference to the numerous decisions to that effect, an order of appeal has no effect unless the appeal bond, required as a condition on which the order is granted, is filed within the time allowed by law for taking the appeal. Therefore the ruling in Untereiner v. Miller et al. is in accord with the settled jurisprudence that, if there is no order of appeal from the court of original jurisdiction, the appellate court has no jurisdiction over the case and must dismiss the appeal on the court’s own motion, even if the appellee waives his personal objection to a decision of the case on its merits. * * * ”
 

 Citation of authorities omitted.
 

 The jurisprudence of this Court, as reaffirmed in the later cases, namely, Arnold v. Arnold and Thompson v. Bamburg, among others which were based on applicable provisions of the Code of Practice of 1870, has been recognized and followed by the redactors of the new Code of Civil Procedure. Conformably with these pronouncements, Article 2088 C.C.P. states:
 

 “The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. * * * ”
 

 The converse of this is evident— i. e., jurisdiction of the trial court is not
 
 *585
 
 divested and that of the appelláte court does not attach unless the appeal bond is filed in the trial court within the ■ time allowed by law for taking the appeal. Hence, as the failure to perfect the appeal by the timely filing of the bond is jurisdictional, Article 2161 of the Code of Civil Procedure, declaring that an appeal shall not be dismissed because of an irregularity, error or defect unless it is imputable to the appellant, is inapplicable.
 

 Counsel for Orrell contends that, even though the failure to file the appeal bond be considered a jurisdictional defect, the decision of the Court of Appeal is nonetheless valid and enforceable since the appellate court has assumed jurisdiction and decided the case. Asserting that the issue regarding the failure to perfect the appeal comes too late, after the case has been finally disposed of in the appellate court, counsel relies heavily upon the reasoning of the per curiam opinion handed down by the Court of Appeal in denying Southern Farm’s motion to vacate its judgment. There, (see 174 So.2d 841) the court attempted to differentiate the situation here from that in Britt v. Brocato, 170 So.2d 516, where the Court of Appeal, Fourth Circuit, on application for a rehearing annulled its prior decree and dismissed the appeal on the ground that it had not been timely perfected by the filing of the appeal bond. The distinction found by the Court of Appeal, Third Circuit, was that, here, its judgment was final and if had lost jurisdiction of the case, whereas, in the Brocato case the judgment of the Court of Appeal, Fourth Circuit, was not as the matter was pending on application for a rehearing.
 

 We regard as proper in the case at bar the action of the Court of Appeal in refusing to vacate its judgment on Southern Farm’s motion — forasmuch as the matter was then pending in this Court on an application for a writ of review and the jurisdiction the Court of Appeal 'had assumed was no longer extant after it denied the application for a rehearing. On 'the other hand, we do not subscribe to that court’s suggestion or implication in its opinion that failure of an appellee to move for dismissal of an appeal before judgment may operate under the jurisprudence as a waiver by appellee of jurisdiction and vest the appellate court with jurisdiction in in-' stances where the appeal has not been perfected.
 

 Indeed, we know of no authority of this Court which has sustained such a theory. It is true, as indicated by an observation in a footnote contained in the 1956 Supplement of McMahon Louisiana Practice, 198 n. 26.3, that when a motion to dismiss strikes at the foundation of the right of appeal or raises a jurisdictional question it need not be filed within the three days applicable to irregularities or defects in taking the appeal and may be asserted at
 
 *587
 
 any time prior to the appellate court’s decision (which we take to mean the appellate court’s final disposition of the case). However, this is so only because it is too late, after final judgment, to move for dismissal of the appeal but it cannot in any sense be considered as a waiver by the appellee or that he has impliedly consented to the judgment' — -for his consent could not vest jurisdiction. See Untereiner v. Miller and Lafayette v. Farr, supra. On the contrary, it would be unwarranted to hold that, because an appellate court has taken jurisdiction of a case over which it had no jurisdiction — either as to the nature of the con-' troversy or because of the failure to perfect an appeal — its act in so doing validates1 its judgment or that this Court, on writ of certiorari, may not do exactly what the appellate court could and should have done on its own motion while the case was still before it, i. e., to either dismiss the appeal or annul its judgment on application 'for rehearing as was done by the Court of Appeal, Fourth Circuit, in Britt v. Brocato, supra.
 

 Stated in another way, it seems manifest that failure of an appellee to move to dismiss an appeal on jurisdictional grounds or of an appellate court to notice lack of jurisdiction on its own motion does not operate to legalize its judgment or render the adjudication immutable to attack in subsequent proceedings.
 

 We conclude that appellate jurisdiction of the Court of Appeal never attached in this case and, hence, its judgment is a nullity.
 

 For the reasons' assigned, the judgment of the Court of Appeal is annulled and set aside and that of the district court is reinstated as the final decree in the case. All costs in the Court of Appeal and this Court are to be paid by respondent, Orrell.
 

 [1]
 

 . The, appeal bond .was not 'tipiely filed; in fact, it was only after the ease had been decided in the Court of Appeal and-the matter was pending here on application for certiorari tbat appellant, on April 13, 1965, belatedly attempted to perfect Ms appeal by filing bond.
 

 [2]
 

 . Cases indicating (mostly through dicta) ■ that the failure to file an appeal bond within the time required by law is a mere irregularity, which, in order to warrant dismissal of an appeal, must be directed to the court’s attention within three days from the filing of the transcript, are State v. Callac,
 
 45
 
 La.Ann. 27, 12 So. 119; Coreil v. Town of Welsh, 120 La. 557, 45 So. 438; Bordes v. Bank of St. Bernard, 141 La. 144, 74 So. 884; Cigali v. Kaplan (La.App.) 34 So. 2d 924; Watson v. Young (La.App.) 34 So.2d 86 and Young v. Daire (La. App.) 157 So.2d 353. See too and compare Esparros v. Vicknair, 191 La. 193, 184 So. 745 and Elliott v. Heard, 217 La. 218, 46 So.2d 249.
 

 [3]
 

 . Some of the later decisions of the Courts of Appeal to the same effect are City of Baton Rouge v. Kiper, 96 So.2d 241; Bolston v. Lafayette Concrete Pipe Co., 144 So.2d 924; Spears v. Fourmy, 150 So.2d 342; Agricultural Enterprises, Inc. v. McPherson, 160 So.2d 451; In re Tutorship of Kitchen, 162 So.2d 826 and Britt v. Brocato, 170 So.2d 516 (cert. denied 247 La. 618, 172 So.2d 701.)