REID, Judge.
Defendant appellees Oil Field Specialties, Incorporated and the Aetna Casualty and Surety Company have filed a motion to dismiss the appeal herein on the grounds that the appeal was not filed and the bond was not posted within the delays allowed by law. We issued a show cause order on May 2, 1968 ordering the parties to show cause by brief on May 17, 1968 why the appeal should or should not be dismissed. Plaintiff-appellants have filed no response to the show cause order. Defendants-ap-pellees have filed a brief in support of their motion to dismiss.
The record shows that the original suit was filed on March 11, 1966. On November 9, 1967 the Lower Court rendered judgment in favor of the defendants-appel-lees and the Clerk of Court duly mailed notice of the signing of the judgment to all parties.
Plaintiffs applied for and were granted a devolutive appeal on February 12, 1968. This appeal was not requested or granted until 95 days after the date the Clerk mailed the notice of judgment. The plaintiffs did not request a new trial, so the judgment became final 93 days after the notice of judgment.
Under the provisions of LSA-CCP Article 1974 the delay for a new trial is fixed at 3 days excluding holidays and commencing on the day after the Clerk mails *737 or the Sheriff has served notice of judgment as required by Article 1913.
There is a notice of judgment in the record but no certificate from the Clerk showing that it was mailed. However, plaintiff appellants have filed no brief or no opposition to this motion to dismiss the appeal herein.
The delays for taking a devolutive appeal are governed by LSA-CCP Article 2087 which reads as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Plaintiffs filed the bond for the right to appeal on February 16, 1968. It is thus appárent ninety-nine days had elapsed between the time the Clerk mailed the notice of judgment and the time plaintiffs posted their bond.
Therefore, we find that the bond was not timely filed and that the appeal herein should be dismissed. Our Courts have consistently held that failure to timely appeal and post an appeal bond cannot be waived and appeals are dismissed. See Orrell v. Southern Farm Bureau, Casualty Insurance Company, 248 La. 576, 180 So.2d 710; Burke v. State Farm Mutual Automobile Ins. Co., La.App., 191 So.2d 691; Langston v. Willis, La.App., 179 So.2d 653; Britt v. Brocato, La.App., 170 So.2d 516.
For the above and foregoing reasons the appeal filed herein by the plaintiffs-appellant is hereby dismissed at their costs.
Appeal dismissed.