SAMUEL, Judge.
This matter is before us on a motion filed by the plaintiff-appellee to dismiss the devolutive appeal taken by the defendant.
The suit is for the balance due on: (1) a promissory note executed by the defendant ; and (2) merchandise purchased by the defendant from the plaintiff. After personal service of process a preliminary default was entered and later confirmed by judgment read, rendered and signed on February 19, 1968. In the petition, citation, return of service and preliminary default the name of the defendant is given as “John L. Brown”. However, the judgment confirming the default is taken against “John B. Brown”. Subsequently, on March 8, 1968, plaintiff filed an ex parte motion stating, in effect, that an error had been made in typing defendant’s middle initial in the confirmation judgment and seeking a corrected judgment against “John L. Brown”. The motion was granted and on the same date, March 8, 1968, the trial judge read, rendered and signed the requested corrected judgment.
The defendant did not apply for a new trial. On June 6, 1968 he filed his motion for this devolutive appeal “ * * * from the final judgment * * * rendered on the 8 day of March, 1968; * * * The order granting the appeal, upon appellant furnishing bond in the amount of $100, was signed by the trial judge the following day, June 7, 1968. On July 26, 1968 defendant posted the required bond by depositing $100 in cash in the registry of the trial court.
The motion to dismiss is based on two grounds: (1) defendant’s application for appeal was not filed timely because the delay for appealing began to run on February 19, 1968, the date on which the judgment confirming the default was rendered; and (2) even if the delay for appealing began to run on March 8, 1968, the date on which the corrected judgment was rendered, the appeal bond was not filed timely. We find it necessary to consider only the second of the two grounds as it alone requires a dismissal of the appeal.
The controlling statutory law is Article 2087 of the Code of Civil Procedure, which reads:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.” (Emphasis ours.) LSA-C.C.P. Art. 2087.
As this court held in Britt v. Brocato, La.App., 170 So.2d 516, and as is shown by the authorities cited in that opinion (see also Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710), a litigant loses his right to devolutively ap *662 peal unless he takes the appeal and furnishes the security therefor within the ninety-day period set by the quoted Article 2087; both the taking of the appeal and the furnishing of the security must be done within that period or the right to appeal is lost; and the appellate court does not acquire jurisdiction- of an appeal which has not been perfected by the timely filing of the appeal bond.
In the instant case the appeal bond filed on July 26, 1968 was furnished 140 days after the March 8, 1968 judgment and, of course, longer than that after the February 19, 1968 judgment in both instances so clearly beyond the ninety-day period as to require no further discussion.
For the reasons assigned, the appeal taken by the defendant, John L. Brown, is dismissed at his cost.
Motion to dismiss maintained.