LeSUEUR, Judge.
Defendant appeals from the trial court’s dismissal of his petition for nullity of judgment, the judgment sought to be nullified being a money judgment by default.
Oral argument on the merits was had; from the oral argument it appears to this court that the judgment should be affirmed as the appropriate remedy was an appeal, not an action for nullity of judgment. See Steele v. Ruiz, La.App., 202 So.2d 376 (4th Cir. 1967). We find, however, that we cannot consider the merits as the appeal bond was not timely filed.
We are obliged to notice lack of jurisdiction on our own motion; Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965). Failure to file the appeal bond timely destroys our jurisdiction.
Judgment was rendered, signed and notice mailed to defendant on September 12, 1969; the cash appeal bond was not filed until April 6, 1970, some seven (7) months later.
LSA-C.C.P. Art. 5001, the general article on city court procedure in cases involving over $100.00, directs us to LSA-C.C.P. Art. 2087 wherein a devolutive appeal can be taken and the security therefor furnished only within ninety (90) days of:
“(1) the expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely: * * * ”
LSA-C.C.P. Art. 1974 provides three (3) days as the delay for applying for a new trial, exclusive of legal holidays. This delay commences to run on the day judgment was signed.
We find the security was not timely furnished. For this reason, the appeal is dismissed.
Appeal dismissed.