IzKUHN, Judge.
This is an appeal from the trial court’s dismissal of plaintiffs petition for judicial review. The Louisiana Real Estate Commission (“LREC”) conditionally suspended Douglas Warren Levet’s real estate license, and Levet asked the district court to review the suspension. After the trial court affirmed the LREC’s determination, Levet appealed to this court. For the reasons which follow, we dismiss the appeal.
Lou Anne Smitherman filed a formal complaint with the LREC, averring that plaintiff, Douglas Warren Levet, a licensed real estate broker with whose company she had listed her home for sale, had violated provisions of both the Louisiana Real Estate License Law[1] and the LREC’s Rules and Regulations. After an investigation, the LREC issued a formal complaint to Levet by written notice dated October 20, 1995. Pursuant to the written notice, a hearing before the LREC was held on November 15, 1995. After receiving documentary and testimonial evidence, the LREC membership concluded that Levet had committed the acts constituting the charges. The LREC suspended Lev-et’s license for six months.[2] On March 4, 1996, Levet filed a petition seeking judicial review of the LREC determination. The trial court concluded LREC had not been *929 arbitrary and, by judgment dated on March 11, 1997, dismissed Levet’s petition. A motion for new trial filed by Levet was likewise denied. Levet then filed “A MOTION FOR A SUSPENSIVE AND DEVOLUTIVE APPEAL.” The trial court’s “ORDER GRANTING A SUSPENSIVE AND DE-VOLUTIVE APPEAL” was signed on June 3,1997.[3]
|3We initially note that a court may recognize a jurisdictional defect on its own motion. See Harding v. Jackson, 96-2273, p. 3 (La.App. 1st Cir. 11/7/97); 701 So.2d 1386, 1388. On June 3, 1997, La.R.S. 37:1457, which applies to judicial proceedings brought under the Louisiana Real Estate License Law, stated:
If an appeal [to the Nineteenth Judicial District of a final decision of the LREC] is taken under R.S. 37:1456, the court shall receive all pertinent evidence, and the suspension or revocation shall not be effective until final judgment of the court having original jurisdiction. If a further appeal is prosecuted from the court of original jurisdiction, the appellant shall furnish a sus-pensive appeal bond as prescribed by law.[4] (Emphasis added.)
In all cases other than when the judgment is for a sum of money or distributes a fund in custodia legis, the security to be furnished for a suspensive appeal shall be fixed by the trial court in an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution. La.C.C.P. art. 2124(B). In this ease, the trial court’s order granting the appeal required that Lev-et “furnish[ ] a suspensive appeal bond ... in the amount of $300.00.”
It is well-settled that the failure to perfect an appeal by the timely filing of an appeal bond is jurisdictional; an appellate court does not acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 582-83, 180 So.2d 710, 712 (1965). The jurisdiction of the trial court over all matters in the ease reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal. La.C.C.P. art. 2088; Guilliot v. City of Kenner, 326 So.2d 359, 362 (La.1976). Jurisdiction of the appellate court does not attach unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. Orrell, 180 So.2d at 713.
pin this case, the trial court ordered that Levet furnish a bond in the amount of $300.00; however the record on appeal contains no bond whatsoever. Thus, jurisdiction with this court never attached.[5]
For these reasons, Levet’s appeal of the trial court’s judgment, affirming the LREC’s suspension of his broker’s license, is dismissed. All costs in this proceeding are assessed against Douglas W. Levet.
APPEAL DISMISSED.

. See generally La.R.S. 37:1430-1468.

. The LREC conditioned reinstatement of Levet's license upon his completion of a 30-hour broker responsibility course within the six-month suspension period and payment of $3,348.00 to Mr. and Mrs. Smitherman. The LREC decision specifically required that Levet submit evidence (within twelve months of the date of the determination) showing that the Smithermans had been paid and that his failure to timely do so would result in the automatic revocation of Levet's broker license.

. Louisiana Revised Statutes Title 37:1457 dictates that a suspensive appeal be taken; therefore, a devolutive appeal is not available to Levet, despite the language contained in the order.

. Although we would reach the same conclusion under either version, we note the above-quoted text of La.R.S. 37:1457 was subsequently modified by La.Acts 1997, No. 845, § 1, effective August 15, 1997.

.Prior to recognizing the jurisdictional defect, this court seriously considered the merits of Lev-et's appeal and found no error in the trial court’s dismissal of Levet’s petition for judicial review based on the conclusion that the LREC had pursued its authority regularly and was not arbitrary in suspending Levet’s license.