No. 9665.

MECHANICS AND TRADERS' INSURANCE COMPANY VS. NATHAN GERSON, ET AL.

An order refusing or revoking permission to file a supplemental petition is not ordinarily appealable. No doubt, however, the rule would be different if the object of the supplemental petition were to engraft a revocatory action on the principal suit and to make the third persons concerned parties. Such right is given by Arts. 1972 and 1975, C. C.,

Bertrand vs. Knox et al.

and being the only mode in which the revocatory action can be prosecuted before judgment, the right should be protected.

In this case, however, the supplemental petition does not present the features of a revocatory action, and the ruling of the court was correct.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée. Yoist, J.

O. O. Provosty, for Plaintiff and Appellant.

Thos. H. Hewes for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. This record presents a separate appeal taken, in the case just decided, from an interlocutory order of the judge revoking an order previously made by him permitting a supplemental petition to be filed.

The object of this supplemental petition was to make Barbara Sauter and her husband parties with the view of recovering judgment against them.

An order refusing or revoking permission to file a supplemental petition is not ordinarily appealable. Penrice vs. Crothwaite, 11 Mart. 547; Giordano vs. Thomas, 13 La. 315.

No doubt a different rule would apply where the object of the supplemental petition was to join a revocatory action to the principal demand, and for that purpose to make the third persons concerned parties. Such a right is granted by Art. 1975 and 1972, C. C., and being the only mode by which the revocatory action can be prosecuted before judgment, the right should be protected.

But after careful examination of the supplemental petition, we cannot class it as a revocatory action on the ground either of fraud or simulation. It does not pray for the judgment appropriate to such an action, as stated in Art. 1977, but asks for an independent money judgment against the Sauters.

The matter is of slight consequence, because under the judgment rendered by us in the principal case, plaintiff's remedy, if he is entitled to any, is open in an independent action, which would be as effective as if the case were remanded.

Judgment affirmed.