155 So. 391

MERCADEL v. MERCADEL.

No. 32502.

May 21, 1934.

Daniel A. McGovern, Jr., of New Orleans (M. C. Scharff, of New Orleans, of counsel), for appellant.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellee.

BRUNOT, Justice.

This is a suit for a divorce. It is based upon acts of adultery alleged to have been committed by the defendant with a man named Frank Stephens on or about April 24, 1932, and between that date and May 6, 1932. The suit was filed on the last-named date, but, for some unexplained reason, no effort was made to prosecute it until February 14, 1933, when the minutes show that a preliminary default was entered.

Before the default was confirmed the defendant filed an answer to the suit and a reconventional demand, and prayed for judgment in reconvention, in her favor and against her husband, decreeing a separation a mensa et thoro between them, and for the custody and control of their minor child pending the final determination of the suit.

About two months after issue was thus joined, the plaintiff, with leave of the court, filed a supplemental and amended petition in which acts, indicative of moral turpitude on the part of the defendant, are alleged to have been committed by her some time subsequent to the filing of her answer. The defendant excepted to the filing of the supplemental and amended petition. This exception was heard and maintained, the order authorizing the filing of the supplemental petition was rescinded, and the supplemental and amended petition was dismissed. This appeal is from that ruling.

It is apparent that the appeal is from an interlocutory order that cannot cause the appellant irreparable injury, and, as this is

an ordinary suit, there is no appeal from such an order. Mechanics' & Traders' Insurance Co. v. Nathan Gerson et al., 38 La. Ann. 349; Penrice v. Crothwaite et al., 11 Mart. (O. S.) 537; Geordano v. Thomas et al., 13 La. 315.

 The appellee has not moved to dismiss the appeal, but we consider it to be the duty of the court, ex proprio motu, to do so. The appeal is therefore dismissed at appellant's cost.