REGAN, Judge.
The plaintiff, Nelson F. Hebert, Sr., filed this suit against the defendants, Xavier Valenti, American Elevator and Electric Company, Inc., and the latter’s insurer, Maryland Casualty Company, endeavoring to recover the sum of one hundred sixty-eight thousand dollars ($168,-000.00) representing damages for injuries which he asserts were incurred by him as the result of the sudden descent of a defective elevator located in the building owned by Valenti.
The Travelers Insurance Company intervened in an effort to recover a sum equivalent to the amount of workmen’s compensation which it paid to the plaintiff on behalf of his employer, Jack M. Pulitzer & Bros., the occupant of Valenti’s building.
One of the defendants, American Elevator and Electric Company, Inc., filed a motion to strike an allegation contained in the plaintiff’s petition, to the effect that “the doctrine of res ipsa loquitur is applicable to his action herein”, on the ground that the plaintiff failed to assert “that American Elevator owned or maintained the premises on which was located the elevator * *
From a judgment maintaining defendant’s motion to strike, the plaintiff has prosecuted this appeal.
The record reveals that the plaintiff was employed by Jack M. Pulitzer ■& Bros, as a shipping clerk in the premises designated as 129 Charters Street, in the city of New Orleans. On December 18, 1963, while engaged in the use of a freight elevator, a hand-truck became jammed between the elevator floor and a section of the building’s flooring. Plaintiff assisted a fellow employee, Peter Hahlows, to free the hand-truck. When the hand-truck was released, plaintiff remained in the elevator, which then suddenly descended from the fourth to the first floor, causing him serious injuries, which, of course, forms the more pertinent subject matter of this litigation.
One of the defendants, American Elevator and Electric Company, Inc., is engaged in the business of maintaining, servicing, and repairing elevators. The record reflects that it was under contract either with the building owner, Xavier Valenti, or with the plaintiff’s employer to conduct *649 regular monthly inspections and maintenance of the elevator.
Counsel for American Elevator has challenged the right of the plaintiff to appeal from the lower court’s judgment maintaining defendant’s motion to strike. He argues that the judgment is merely interlocutory and may not he appealed to this court in the absence of a showing of irreparable injury. Counsel concedes that he has not filed a motion to dismiss the appeal herein; however, he argues that the case should he dismissed by the court for lack of jurisdiction.
Article 2083 of the Louisiana Code of Civil Procedure provides as follows :
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
It is the rule in Louisiana that the doctrine of res ipsa loquitur is merely an evidentiary rule, and need not be specifically pleaded. The applicability of this doctrine is determined in each case at the conclusion of the trial thereof in conformity with the proof adduced by the respective litigants.[1]
In the case of Hamiter v. Duncan[2] the organ for the court asserted:
“As has been many times iterated by the courts of this state this doctrine of res ipsa loquitur is a rule of evidence. We have been somewhat concerned in connection with the matter before us as to whether there are any specific requirements of pleading which are necessary as conditions precedent to the applicability and enforcement of the rule, but have come to the conclusion that specific pleading of the doctrine is not required in cases where the facts themselves invoke its application.”
It is obvious that the plaintiff will suffer no irreparable injury as the result of having the allegation relative to the doctrine of res ipsa loquitur stricken from the record. If the facts proved by him are such as to justify the invocation thereof, the trial court will apply it at the proper time irrespective of whether it was specially pleaded. Therefore, he is not being deprived of any rights or 'Advantages in the trial hereof which he is legally entitled.
We emphasize at this point of our opinion that we refrain' from judging the propriety of the trial court’s action in striking the questioned allegation from the petition. The rationale hereof is limited to the fact that the plaintiff does not possess the right to appeal from an interlocutory decree, since he has not proven that he will suffer irreparable injury as a result thereof.
Counsel for defendant, as we pointed out herein above, has not filed a motion to dismiss this appeal; however, there exists ample authority for the court’s dismissal thereof ex proprio motu.[3] The jurisprudence and our rules provide that we may “[djismiss * * * the appeal in any case in which the jurisdiction of the court has not been affirmatively established”,
For the foregoing reasons, the appeal prosecuted herein from the judgment of the lower court granting the defendant’s motion to strike is hereby dismissed. The plaintiff is to pay all costs incurred as a result of this appeal.
Appeal dismissed.

. Northwestern Mutual Fire Association v. Allain, 226 La. 788, 77 So.2d 395 (1955); Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781 (1959); Gerald v. Standard Oil Co. of La., 204 La. 690, 16 So.2d 233 (1943).

. La.App., 78 So.2d 80 (1955).

. Mercadel v. Mercadel, 179 La. 895, 155 So. 391 (1934); Rule VII, Section 5(c), Uniform Rules of the Louisiana Courts of Appeal.