LOTTINGER, Judge.
ON MOTION TO DISMISS
This matter is before us on a motion to dismiss an appeal.
The facts show that on May 28, 1965, an exception of prescription was argued in this matter and taken under advisement by the Lower Court. Reasons for the judgment of the Lower Court were filed on August 13, 1965, and the judgment was signed on October 1, 1965, dismissing petitioner’s suit On October 14, 1965, the Clerk of Court mailed the notice of the signing of the judgment. The petitioner, on December 30, 1965, filed a motion for a devolutive appeal, and subsequently, on January 28, 1966, filed his appeal bond.
Defendant has moved to dismiss the appeal on the ground that “this appeal was not timely taken and perfected and therefore, the judgment appealed from has become final and this appeal should be dismissed”. The defendant, in support of its motion for a dismissal, cites Code of Civil Procedure Articles 1913, 1974 and 2087. These three articles provide for .the delay in appealing.
It is the duty of the Clerk of Court in a case taken under advisement to notify, by *692 mail, the counsel of record for each party and each party not represented by counsel, of the signing of a final judgment therein. LSA-C.C.P. art. 1913. In this particular case, the Clerk of Court mailed the required notice on October 14, 1965.
“The delay for applying for a new trial shall be three days, exclusive of legal holidays” and “commences to run on the day after the clerk has mailed, * * *, the notice of judgment as required by Article 1913.” LSA-C.C.P. art. 1974. Needless to say, petitioner did not apply for a new trial, and as such, the delay for so applying terminated on October 19, 1965.
Code of Civil Procedure Article 2087 provides that a devolutive appeal may be taken, and the security therefor furnished, within ninety (90) days of the expiration of the delay for applying for a new trial, if no application for a new trial has been timely filed. Since in this matter, the delay for applying for a new trial terminated on October 19, 1965, and no application for a new trial was timely filed, the ninety (90) day period within which to devolutively appeal and furnish the security therefor expired on January 17, 1966. Petitioner filed its motion for an appeal on December 30, 1965, and furnished security therefor on January 28, 1966.
When a motion for an appeal is filed within the prescribed period of time, and the security therefor is filed without the prescribed period of time, the appellate courts do not acquire jurisdiction, and the appeal must be dismissed. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (1957). It is clearly stated in LSA-C.C.P. art. 2087 that an appeal “may be taken, and the security therefor furnished, within ninety days.” (Emphasis added). It will not suffice to •file a motion for an appeal within the ap-pealable period, and subsequently file an appeal bond after the delay has lapsed. Both the jurisprudence and the Code of Civil Procedure are clear on this point, in that, the motion for an appeal and the security therefor must both be filed within the delay allowed.
Therefore, inasmuch as January 17, 1966, was the last day on which the appeal could have been perfected, and the appeal bond was filed on January 28, 1966, this court is without jurisdiction over this appeal and the appeal must be dismissed.
The motion of defendant is well taken, and the appeal is dismissed and set aside at appellant’s costs.
Appeal dismissed.