BOLIN, Judge.
This is an appeal from a judgment rescinding a contract between plaintiff and defendant and ordering defendant evicted from property in Caddo Parish, Louisiana.
Ernest Edward Jones sued Hazel Brown to rescind an alleged contract to sell realty to defendant and have her evicted from possession of the property. Default judgment was rendered on August 3, 1966, and motion for new trial was overruled on October 10, 1966. On December 6, 1966, a rule for possession was filed ordering defendant to show cause why she should not be evicted from the premises within 24 hours as previously ordered by the judgment of August 3, 1966. Following a brief *695 trial defendant was ordered to vacate the property.
On January 4, 1967, a devolutive appeal was granted returnable to this court and the appeal bond was fixed at $100.00. On February 8, 1967, the appeal bond was filed.
Before this court counsel for plaintiff and defendant have devoted their entire arguments and briefs to the question of the validity of the judgment rendered on August 3, 1966. No motion to dismiss has been filed. However, during oral argument, the court apprised counsel for defendant of the possibility the appeal from the judgment was not timely perfected and suggested the matter be presented by supplemental brief, which was done.
La.C.C.P. Art. 2087 provides:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; * * * ” ^ ^ if
(Emphasis added)
In the supplemental brief filed by counsel for appellant it is argued that since the court refused to grant a new trial on October 10, 1966, the 90 days expired on January 8, 1967, and the devolutive appeal was therefore timely taken on January 4, 1967. This argument overlooks the additional requisite: “and the security therefor furnished.” As the bond was not filed until February 8, 1967, the devol-utive appeal was clearly not timely perfected.
Appellate courts do not acquire jurisdiction of appeals which have not been perfected by the filing of appeal bonds within the prescribed time and it is the duty of the court to dismiss such appeals ex proprio motu. Schouest v. Loewenthal (Orl.La.App.1952) 58 So.2d 425 (and cases therein cited).
For the reasons assigned the appeal is dismissed at appellant’s costs.
Dismissed.