204 So.2d 628 (1967)
GEISENHEIMER REALTY COMPANY
v.
The BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS et al.
No. 2774.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1967.
*629 Edward M. Baldwin, George M. Leppert and James F. Quaid, Jr., New Orleans, for plaintiff-appellant.
Phelps, Dunbar, Marks, Claverie & Sims, Sumter D. Marks, Jr., Charles M. Lanier, New Orleans, for Board of Commissioners of the Port of New Orleans, defendant-appellee.
McCloskey & Dennery, Joseph McCloskey, New Orleans, for East Bank Marine Service, Inc., defendant-appellee.
Before HALL, JANVIER and BARNETTE, JJ.
BARNETTE, Judge.
This matter is before us on a motion to dismiss a devolutive appeal, and if the motion proves unsuccessful, a consideration of the case on its merits.
The record discloses that a judgment was first rendered in this case on June 28, 1966. From this judgment defendants-appellees, Board of Commissioners of the Port of New Orleans and East Bank Marine Service, Inc., filed timely motions for a new trial.
This resulted in the rendition of an amended judgment on October 21, 1966. A notice of signing of this judgment was mailed to all counsel of record on that date.
On January 20, 1967, plaintiff-appellant Geisenheimer Realty Company filed a motion for a devolutive appeal from the judgment of October 21, 1967, and the order granting appeal and fixing bond was signed. Geisenheimer did not file an appeal bond. On March 20, 1967, well beyond the 90-day period allowed for the perfection of a devolutive appeal as required by LSA-C.C.P. art. 2087, it obtained an order allowing the posting of a cash bond, which was deposited in the registry of the court on that date.
Article 2087 provides in part:
"Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by *630 Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
Thus not only must the appeal order be taken within the appropriate 90-day delay, but security must be furnished within this same period. Jones v. Brown, 201 So.2d 694 (La.App. 2d Cir. 1967).
Appellant contends that appellees' motion to dismiss was itself not timely taken in that it was not filed within three days of the return day of the appeal or date on which the record was lodged in this court, as required by LSA-C.C.P. art. 2161.
It is well-established however that a failure to post required security within the delay allowed is not a simple error, irregularity or defect within the purview of Article 2161. Rather this flaw strikes at the heart of this court's jurisdictional right to hear the appeal and thus is governed by LSA-C.C.P. art. 2162. It is a fundamental defect which can be made the basis for a valid motion to dismiss at any time. Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965); Schouest v. Loewenthal, 58 So. 2d 425 (La.App. Orleans 1952).
In view of the foregoing procedural rules and jurisprudence we have no alternative than to sustain appellees' motion and to dismiss the appeal. Thus we shall not attempt to review the merits in this cause.
The appeal is dismissed at appellant's cost.
Appeal dismissed.