BARNETTE, Judge.
This matter is before us on plaintiffs’ de-volutive appeal from a judgment in their favor rendered immediately after trial in open court on December 15, 1966. They are seeking 'an increase in the damages awarded by the trial court.
On February 20, 1967, plaintiffs applied for and were granted an appeal, returnable April 5, 1967. They did not file their bond for security until March 27, 1967, although the bond itself was dated March 17. March 27, the filing date, was beyond the 90-day period allowed by LSA-C.C.P. art 2087.
This fact was apparently not noticed by the defendants-appellees as they did not file a motion to dismiss the appeal on this basis but instead they answered the appeal, filed their brief and along with the plaintiffs argued the case on its merits before this court. It was only after this argument that we discovered plaintiffs’ failure to comply with the strict codal requirements governing appellate procedure.
Article 2087 provides that a devolutive appeal may be taken, and the security therefor furnished, within 90 days of the expiration of the delay for applying for a new trial, if no application has been filed timely. Article 1974 provides that the delay for applying for a new trial shall be three days exclusive of legal holidays. This delay begins to run on the day after the judgment *723 was signed, unless a notice of judgment is required under Article 1913. No notice of judgment was required in this case as the defendants were served personally and answered the suit, and the case was not taken under advisement. The judgment was rendered on December 15, 1966, thus the three-day delay for applying for a new trial began on Friday, December 16, and ended on Tuesday, December 20. As no application for a new trial was made during this time, the 90-day delay for taking the devolutive appeal began on December 21, 1966, and ended March 20, 1967. While plaintiffs properly obtained an appeal order within the 90-day delay, as noted previously, they failed to perfect this appeal by filing their security until March 27, 1967, or some seven days after that delay had expired.
This court on numerous occasions has pointed out that in accordance with Article 2087, the appeal must be taken and the security for the appeal furnished within the 90-day delay. Britt v. Brocato, 170 So. 2d 516 (La.App. 4th Cir.1965).
Failure to furnish this security within the appropriate delay is a defect which involves this court’s jurisdictional right to hear and decide the appeal. (See Geisenheimer Realty Company v. Board of Commissioners of Port of New Orleans et al., La.App. 204 So.2d 628, and Perrodin v. A. M. Landry and Son, Inc., La.App., 205 So.2d 85, both handed down this day, and the cases cited therein.)
As stated above, the counsel for defendants have not filed a motion to dismiss this appeal. It is well established, however, that this court may dismiss an appeal ex proprio motu, when the jurisdiction of this court has not been affirmatively established. Mercadel v. Mercadel, 179 La. 895, 155 So. 391 (1934); Hebert v. Valenti, 179 So.2d 647 (La.App. 4th Cir.1965).
Therefore this appeal is dismissed at appellants’ cost.
Appeal dismissed.