SAMUEL, Judge.
This is a devolutive appeal taken by the plaintiff from a judgment dismissing his suit for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. The defendants have filed a motion to dismiss the appeal on the ground that the appeal bond was not filed timely.
The judgment appealed from was rendered and signed on August 7, 1964 (apparently during the vacation term of the court) in accordance with a stipulation by and between counsel for all litigants. The stipulation provided the trial court could render judgment in the case during the vacation term with the same effect as if the judgment were rendered during a regular session of the court. On the same day on which the judgment was rendered, August 7, 1964, the clerk of the district court mailed to counsel for all litigants the notice of judgment required by LSA-C.C.P. Art. 1913. Plaintiff did not apply for a new trial. His motion for appeal was filed on November 9,1964 and the order granting the appeal was signed by the trial judge on November 10, 1964. The appeal bond required by the order of appeal, in the amount of $250, was furnished on November 25, 1964.
Under the specific provisions of LSA-C.C.P. Art. 2087, where no application for a new trial has been filed timely, a devolu-tive appeal “ * * * may be taken, and the security therefor furnished, within ninety days of: * * * ” the expiration of the delay as provided by LSA-C.C.P. Art. 1974 for applying for a new trial. LSA-C.C.P. Art. 1974 provides the delay for applying for a new trial shall be three days, exclusive of holidays, and the delay commences to run *86 on the day after the clerk has mailed, or the sheriff has served, the notice of judgment if such notice be required by LSA-C.C.P. Art. 1913.
In the instant case notice of the signing of the judgment was required to be mailed by the clerk of court to counsel of record for each party under LSA-C.C.P. Art. 1913. August 7, 1964, the date of the mailing of the notice, was a Friday, the two following days were holidays and therefore are not counted, the three-day delay for applying for a new trial expired at the end of August 12, 1964, and the ninety days within which the appeal could be taken began to run on August 13, 1964. It is therefore apparent that while the appeal was taken within the ninety days the security was not furnished until the ninety-day period had expired by more than two weeks.
 In Britt v. Brocato, La.App., 170 So.2d 516, we have discussed the question now before us and we find it unnecessary to repeat that discussion in detail. It suffices to say, as pointed out in the cited case, under LSA-C.C.P. Art. 2087, the right to appeal is lost unless the appellant takes his appeal and furnishes the security therefor within the ninety-day period set out in that article; both the taking of the appeal and the furnishing of the security must be done within the ninety-day period or the right to appeal is lost. See also Geisenheimer Realty Company v. The Board of Commissioners of the Port of New Orleans, et al., La.App., 204 So.2d 628, and handed down this day; Rosemary Blanks, wife of and Max Blanks v. S. H. Kress Company and The Aetna Casualty and Surety Company, La.App., 204 So.2d 722, and handed down this day; Jones v. Brown, La.App., 201 So.2d 694. As further pointed out - in Britt and in the other cited cases, failure to furnish an appeal bond in the time within which the devolutive appeal must be taken is a jurisdictional defect; the appellate court does not acquire jurisdiction of an appeal which has not been perfected by the filing of the required appeal bond within the time prescribed by law.
Here appellant correctly points out there was a great amount of difficulty involved in obtaining a transcript of the testimony because the court reporter who had taken the testimony had left the state; and, in consequence, appellant’s counsel understandably was apprehensive as to whether the transcript ever could be obtained. But making up the record has nothing to do with either taking the appeal or furnishing the required security. As the appeal bond was not furnished within the time required we are without jurisdiction and must dismiss the appeal.
For the reasons assigned, the appeal taken herein by the plaintiff, Vuris Perrodin, is dismissed; all costs to be paid by said plaintiff-appellant.
Motion to dismiss maintained.