ON MOTION TO DISMISS
Before REGAN, YARRUT and CHA-SEZ, JJ.
REGAN, Judge.
The plaintiffs, Barbara A. Aymond, Cecil Goudeau, individually and on behalf of his minor child, Shirley J. Goudeau, and George V. Terry, individually and on behalf of his minor child, Peggy V. Terry, filed suit against the defendants, Willie Johnson and Aetna Casualty and Surety Company, Barbara Aymond’s insurer, endeavoring to recover on behalf of Barbara Aymond the sum of $6,850.00; on behalf of Cecil Gou-deau $6,350.00, and on behalf of George V. Terry the sum of $6,400.00, representing damages sustained by them as the result of the alleged negligence of Willie Johnson in the operation of his automobile. The plaintiffs alleged that Aetna Casualty Company was liable in solido with Willie Johnson under the provisions of the uninsured motorist clause of the policy issued by it to Barbara Aymond.
The defendant, Aetna Casualty and Surety Company, answered and denied the plaintiffs’ allegations, and averred that Barbara Aymond rejected the uninsured motorist clause and no premiums had been paid thereon, and, therefore, it was not liable. Alternatively, it pleaded that should Barbara’s rejection be held void as she was a minor, that the entire contract also be held void for the same reason.
In response to Aetna’s request for admissions, Barabara Aymond admitted that she voluntarily rejected the uninsured motorist provision, but stated that she did not understand the contents and pleaded that she was a minor. Later, on motion of Aetna, a summary judgment was rendered on November 13, 1968, dismissing the plaintiffs’ suit against Aetna Casualty and Surety Company, and notice of judgment was mailed on the same day. From that judgment, the plaintiffs were granted a devolu-tive appeal on February 10, 1969, returnable April 7, 1969.
On March 3, 1969, what was purported to be an appeal bond consisting of a document signed only by Garland R. Rolling, attorney for the plaintiffs, in which Barbara A. Aymond, Cecil Goudeau and George V. Terry together with Garland R. Roland as surety were stated to be liable to the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, in the amount of $250.00.
Aetna Casualty and Surety Company filed a motion requesting dismissal of the appeal for the reason that the plaintiffs’ bond is in fact no bond at all, and that it was not timely filed since it was filed more than 93 days after the mailing of notice of judgment as required by Louisiana Code of Civil Procedure Article 2087, which reads as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;”
The jurisprudence[1] is clear that an appeal bond must be timely filed, and as the rec *354 ord discloses that the plaintiffs have failed' to do so in the instant case, the plaintiffs’ appeal is hereby dismissed.
Appeal dismissed.

. Burke v. State Farm Mutual Automobile Insurance Company, La.App., 191 So.2d 691 (1966).