GARDINER, Judge.
The plaintiff, Arch W. Lipscomb, filed this suit against the defendants, Monarch Insurance Company of Ohio, under the provisions of the uninsured motorist clause of his policy, and Seamon Wyres, endeavoring to recover from the insurance company the sum of $5,000.00 and from Wyres the sum of $28,086.00, representing damages which he asserts he sustained as the result of an accident on July 19, 1965, which he alleges was caused by the negligence of Wyres in the operation of his motor vehicle.
The defendant, Monarch Insurance Company of Ohio, filed an answer admitting it had issued a policy of insurance to the plaintiff, but denied any liability and as *830 serted that the proximate cause of the accident was the plaintiff’s own negligence, and alternatively pleaded contributory negligence and assumption of risk by the plaintiff. It also filed a third party petition against the defendant, Wyres, for full indemnity should Monarch he found liable to the plaintiff.
On June 12, 1968, following a trial on the merits, judgment was rendered in favor of the defendants, Seamon Wyres and Monarch Insurance Company of Ohio, and against the plaintiff, dismissing the suit at his cost, and notice of judgment was mailed on the same date.
A motion for a new trial was filed by the plaintiff on June 28, 1968, which was sixteen days after rendition of the June 12th judgment and mailing of the notice thereof. The defendants urged that the motion was not timely filed since more than three days had elapsed from mailing of the notice of judgment to the time of filing for the new trial, and that therefore, the plaintiff had not complied with the requirements of Louisiana Code of Civil Procedure Article 1974 which reads as follows:
"The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. As amended Acts 1961, No. 23, § 1. (Emphasis added.)
Judgment was rendered on July 15, 1968, denying the motion for a new trial and notice thereof was mailed on the same date.
On September 11, 1968, a motion for a devolutive appeal from the judgment of June 12, 1968, was filed and granted with the return date November 4, 1968. The appeal bond was filed on November 4, 1968, which was more than 90 days after the expiration of the time for applying for a new trial, and the motion for a new trial filed on June 27, 1968, and ruled on by the lower court on July 15, 1968, was not timely filed and could not have the effect of extending the time for appeal from the June 12th judgment.
Monarch Insurance Company of Ohio filed a motion to dismiss the appeal because the bond filed as security was not filed timely since the filing date was more than 93 days after the mailing of the notice of the June 12th judgment as is required by the Louisiana Code of Civil Procedure, Article 2087, which reads as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who^ seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolu-tive appeal in the case, whichever is later. As amended Acts 1962, No. 92 § 1.” (Emphasis added.)
*831 The bond recited that is was filed as security for the appeal from the July 15th judgment; however, this is an obvious clerical error since the appeal was from the June 12th judgment.
The jurisprudence[1] is clear that an appeal and an appeal bond must both be timely filed, and the record discloses that in the instant case the bond was not timely filed. Failure to file an appeal or appeal bond within the appropriate delay is a defect which involves this court’s jurisdictional right to hear and decide the appeal.[2]
For the foregoing reasons, the appeal is hereby dismissed.
The plaintiff is to pay all costs incurred herein.
Appeal dismissed.

. Burke v. State Farm Mutual Automobile Ins. Co., La.App., 191 So.2d 691 (1966).

. Perrodin v. A. M. Landry and Son, Inc., La.App., 205 So.2d 85 (1968) ; Hebert v. Valenti, La.App., 179 So.2d 647 (1965) ; Britt v. Brocato, La.App., 170 So.2d 516 (1965).