CHASEZ, Judge.
This is a suit for workmen’s compensation benefits by Norman C. Andrus against his employer Gretna Machine & Iron Works, Inc. and its insurer, Hartford Accident & Indemnity Co.
An exception of prematurity was filed by defendants to plaintiff’s suit. Judgment was rendered on December 12, 1967 maintaining this exception, and plaintiff’s suit was thereby dismissed without prejudice. A motion for a new trial was filed by the plaintiff on December 15, 1967 and pursuant to this motion the defendants were ruled to show cause on January 12, 1968 why the judgment should not be set aside, annulled and a new trial granted. The motion for a new trial was heard on January 12, 1968 and on January 15, 1968 judgment was rendered denying the motion. Notice of this judgment was mailed to both counsel on January 16,1968.
On May 21, 1968 plaintiff was granted a devolutive appeal on his motion for an appeal filed that date. On June 4, 1968 plaintiff filed his bond for security. We note that this motion for appeal and appeal bond were not timely. It was only after oral argument by counsel that we discovered plaintiff’s failure to comply with the strict codal requirements governing appellate procedure.
LSA-R.S. 23:1351 outlines the provisions whereby a party to a workmen’s compensation action may appeal a judgment rendered against him, as follows:
“§ 1351. Right of appeal; preference in docket; procedure.
“Either party may appeal to the proper appellate court from any judgment rendered as provided in R.S. 23:1035 and in Part IV of this Chapter. To such an appeal preference in hearing shall be given by the appellate court, such as is given in causes in which the State is an interested party.’ The time within which such appeal may be taken, the effect thereof, the security to be furnished by the appellant and the obligations thereof, shall be as provided by Articles 575 and 578 of the Code of Practice, all the provisions of which shall apply to appeals taken under this Chapter.”
Code of Practice article 578 is the source provision for the present LSA-C.C.P. art. 2087. Thus it is clear that the statutory delays relative to the time for taking such an appeal, and filing the appropriate security are the same as in any other civil action. Article 2087 sets the delays for tak *846 ing a devolutive appeal as follows in pertinent part:
“Art. 2087. Delay for taking devolutive appeal.
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a tim,ely application for a new trial, if the applicant is entitled to such notice under Article 1914.” (Emphasis supplied).
Applying the provisions of this article to the case herein we see that plaintiff’s devolutive appeal to be effective must have been taken within ninety days from the date of the notice of the court’s refusal to grant a timely application for a new trial, or within ninety days from January 16, 1968. As appellant herein did not file this motion for appeal until the 126th day after the appeal delay began and as he did not post bond to perfect this appeal until the 140th day from this date, clearly his appeal has not been timely filed and appellant has no valid appeal before the court for consideration.
Failure to file an appeal within the appropriate delay is a defect which involves this court’s jurisdictional right to hear and decide the appeal. Perrodin v. A. M. Landry & Son, Inc., 205 So.2d 85, La.App. 4th Cir., 1968; Hebert v. Valenti, 179 So.2d 647, La.App. 4th Cir., 1965; Britt v. Brocato, 170 So.2d 516, La.App. 4th Cir., 1965. It is well settled that this court may, and will dismiss an appeal ex proprio motu when the jurisdiction of this court has not been established. Mercadel v. Mercadel, 179 La. 895, 155 So. 391 (1934); Blanks v. S. H. Kress Company, 204 So.2d 722, La.App. 4th Cir., 1967.
For the reasons hereinabove expressed, this appeal is dismissed at appellant’s cost.
Appeal dismissed.