MILLER, Judge.
Plaintiff appealed devolutively from the trial court’s refusal to allow the filing of a supplemental petition. Although defendant has not objected to our reviewing the merits of the complex issue considered by the trial court, we notice the fact that there is no right of appeal, and we dismiss it. LSA-C.C.P. art. 2162.
The right to appeal such a ruling was considered by our Presiding Judge in his article Amendment of Pleadings in Louisiana, 43 Tul.L.R. 211 at 216:
“The trial court’s allowance of, or refusal to allow, an amendment is regarded as a non-appealable interlocutory ruling. Mercadel v. Mercadel, 179 La. 895, 155 So. 391 (1934); Mechanics’ & Traders’ Ins. Co. v. Gerson, 38 La.Ann. 349 (1886); Geordano v. Thomas, 13 La. 315 (1839); Penrice v. Crothwaite, 11 Mart. (o. s.) 537 (1822). Under the unusual and rare circumstances which justify exercise of supervisory writs, (Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 [1964]) an appellate court may order immediate review of a prejudicial abuse of the trial court’s discretion. Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966).”
Since there is no right of appeal, the appeal is dismissed at the costs of plaintiff appellant.
Appeal dismissed.