LOTTINGER, Judge.
On October 29, 1970, a judgment dismissing an action was signed. There was no new trial applied for. On November 13, 1970, a devolutive appeal was entered from the judgment of October 29, 1970; the return date was set for January 7, 1971, and bond was set in the amount of $250.00. An extension of 60 days from January 7, 1971, was granted for the return date. Appeal bond was deposited on March 2, 1971. This matter is now before the Court on an order by this Court to show cause why this devolutive appeal should not be dismissed because the appeal bond was not timely filed.
La.C.C.P. Art. 2087.
Except as otherwise provided in this article or by other law, an appeal which *202 does not suspend the effect of or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within 90 days of:
(1) The expiration of the delay for applying for a new trial, as provided by Art. 1974, if no application has been filed timely; * * *.
“Thus not only must the appeal order be taken within the appropriate 90-day delay, but security must be furnished within this same period. Jones v. Brown, 201 So.2d 694 (La.App. 2nd Cir. 1967).” Geisenheimer Realty Co. v. Bd. of Commissioners of Port of N. O., 204 So.2d 628 (La.App. 4th Cir. 1967).
“Appellate courts do not acquire jurisdiction of appeals which have not been perfected by the filing of appeal bonds within the prescribed time and it is the duty of the court to dismiss such appeals ex proprio motu. Schouest v. Loewenthal, 58 So.2d 425 (La.App.Orl.1952).” Jones v. Brown, 201 So.2d 695 (La.App. 2nd Cir. 1967).
Since the appellant had not filed the appeal bond until well after the expiration of the 90-day delay allowed by Art. 2087, this appeal must be dismissed.
Appeal dismissed.