REGAN, Judge.
The respective plaintiffs in these consolidated proceedings, Frances Welshons and Wayne Hawkins, have appealed devolutively from adverse judgments rendered against them by the Twenty-Ninth Judicial District Court for the Parish of St. Charles. The defendants have filed a motion to dismiss these appeals on the ground that the plaintiffs have failed to timely furnish devolutive appeal bonds in accordance with Article 2087 of the Louisiana Code of Civil Procedure.
The record reflects that judgment was read, rendered, and signed on February 3, 1970, in both cases, and that notices of judgment were mailed in accordance with law on the same day. No motion for a new trial was filed in either case.
A motion for appeal was filed on behalf of Frances Welshons on April 6, 1970 and a similar motion was filed on behalf of Wayne Hawkins on April 9, 1970. Both appeals were conditioned upon filing of a devolutive appeal bond in the amount of $500.00. Both bonds were filed on June 1, 1970.
Article 2087 of the Code of Civil Procedure provides that a devolutive appeal may be taken and the security therefor furnished only within ninety days of the expiration of the delay for applying for a new trial if no such application has been timely filed. Article 1974 of the same code provides that the delay for applying for a new trial is three days, exclusive of holidays, which delay commences to run after the clerk has mailed the notice of judgment.
The notice of judgment in the present cases was mailed on February 3, 1970 and the appeal bond was not furnished until June 1, 1970. It is, therefore, unquestionable that the appeal bond was furnished after the expiration of the ninety day period within which the devolutive appeal must be taken.
Under Code of Civil Procedure Article 2087 and the jurisprudence interpretive thereof, a litigant loses his right to appeal *96 unless he both takes the appeal and furnishes the security therefor within the ninety day period established in that article. Since both the taking of the appeal and the furnishing of the required security were not done by the plaintiffs in these cases within the established statutory ninety day period, they have lost their right to appeal,[1] and their appeals must therefore be dismissed.
Motion to dismiss maintained.

. See Britt v. Brocato, La.App., 170 So.2d 516 (1965).