LANDRY, Judge.
This court, ex proprio motu, ruled plaintiff-appellant, Thomas E. Welch, to show cause why his appeal from the judgment of the trial court denying his claim for workmen’s compensation benefits should not be dismissed for failure to timely perfect the appeal.
Judgment was signed in the lower court on May 4, 1970, dismissing appellant’s action. Notice of judgment was mailed appellant on May 5, 1970. Appellant did not apply for a new trial. On July 29, 1970, appellant obtained an order of de-volutive appeal, returnable to this court on September 30, 1970, conditioned upon his furnishing bond in the sum of $500.00. *538 Appellant was unable to furnish the bond ordered. On September 28, 1970, appellant obtained an order from the trial court authorizing continuance of his appeal in forma pauperis.
Appellant contends that the time for taking appeals in workmen’s compensation cases is governed by LSA-R.S. 23:1351, rather than by LSA-C.C.P. art. 2087.
LSA-R.S. 23:1351 states:
“Either party may appeal to the proper appellate court from any judgment rendered as provided in R.S. 23:1035 and in Part IV of this Chapter. To such an appeal preference in hearing shall be given by the appellate court, such as is given in causes in which the State is an interested party. The time within which such appeal may be taken, the effect thereof, the security to be furnished by the appellant and the obligations thereof, shall be as provided by Articles 575 and 578 of the Code of Practice, all the provisions of which shall apply to appeals taken under this Chapter.”
Article 578 of our former Code of Practice provides in substance that a devolutive appeal may be taken within one year of the signing of the judgment from which the appeal is taken.
LSA-C.C.P. art. 2087 states that the delay for taking a devolutive appeal is ninety days from expiration of the delays for applying for a new trial, as provided by LSA-C.C.P. art. 1974, if no application for new trial has been timely filed. LSA-C. C.P. art. 1974 recites that where notice of judgment is required, the delay for applying for a new trial commences on the day notice is mailed.
In effect, appellant argues that since the compensation statute provides an exclusive remedy, and is therefore stricti juris, all aspects of an action brought thereunder are to be determined in the light of that statute’s provisions. It is argued that since the compensation act expressly states that appeals in such cases shall be pursuant to Code of Practice Article 578, no other statute governing appellate procedure can apply.
The fallacy in appellant’s argument lies in the fact that Louisiana Code of Practice article 578 no longer exists. Former Code of Practice article 578 has been repealed by Section 5, Act 15 of 1960 (the statute which adopted our present Code of Civil Procedure), which reads as follows:
“The Code of Practice for the State of Louisiana, and all other laws or parts of laws in conflict or inconsistent with the Louisiana Code of Civil Procedure enacted by Section 1 hereof, are hereby repealed; * * * ”
As aptly pointed out by our brothers of the Fourth Circuit in Andras v. Hartford Accident & Indemnity Company, et al., La.App., 224 So.2d 844, a case identical to the one at hand, Article 578 of the former Code of Practice is the source of present LSA-C.C.P. art. 2087.
Since Code of Practice article 578 has been expressly repealed, and is therefore presently nonexistent, acceptance of appellant’s argument would lead to one of two inescapable conclusions. There would be either no right of appeal because the Compensation Act failed to provide any time whatsoever for appeal, or the time in which appeals could be taken in such cases would be illimitable. For obvious reasons, neither such result could be countenanced.
We hold therefore that the time for taking an appeal in workmen’s compensation cases is that provided by LSA-C.C.P. art. 2087. We also find that the bond required herein was not filed within the 90 day delay provided for in art. 2087, above.
Appellant also contends that to hold that the appellate provisions of LSA-R.S. 23:-1351 have been repealed by Section 5 of Act 15 of 1960 necessitates the finding that Act 15 of 1960 repeals LSA-R.S. 23:1315 which stipulates a different time for answering a compensation suit than is pro *539 vided for answering- ordinary actions by LSA-C.C.P. art. 1001. This issue, however, is not before the court, and we therefore refrain from passing thereon.
It is well settled that failure to perfect an appeal by timely filing the required appeal bond, where bond is required, strikes at the very jurisdiction of the appellate court, and its right to hear and decide the appeal. Perrodin v. A. M. Landry & Son, Inc., La.App., 205 So.2d 85. Equally well established is the rule that an appellate court may ex proprio motu note its lack of jurisdiction. Mercadel v. Mercadel, 179 La. 895, 155 So. 391.
The rule to show cause issued herein is made absolute, and this appeal ordered dismissed at appellant’s cost.
Appeal dismissed.