ON MOTION TO DISMISS
SAMUEL, Judge.
This is a motion to dismiss plaintiffs’ de-volutive appeal on the ground that the same was not timely taken.
The judgment appealed from was rendered and signed May 11, 1972, after the matter had been taken under advisement by the court. Notice of the judgment was mailed to all counsel on May 12, 1972. Plaintiffs did not apply for a new trial. Their motion for appeal was filed August 16, 1972. On that same day, August 16, 1972, the trial court granted the appeal upon the furnishing of security in the amount of $250. The appeal bond was furnished on August 18, 1972.
In pertinent part LSA-C.C.P. Art. 2087 reads as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;” LSA-C.C.P. Art. 2087. (Emphasis ours).
LSA-C.C.P. Art. 1974 provides the delay for applying for a new trial shall be three days, exclusive of legal holidays, and when notice of judgment is required under LSA-C.C.P. Art. 1913 the three day delay *716 commences to run on the day after the clerk has mailed the notice of judgment. As this case was taken under advisement the mailing of notice of judgment was required by LSA-C.C.P. Art. 1913.
Under these articles the delay for applying for a new trial in the instant matter commenced to run on May IS, 1972 (May 12, the day the notice of judgment was mailed, was a Friday), and the expiration of the delay for applying for a new trial occurred May 17, 1972. Thus, plaintiffs’ 90 day appeal period began May 18, 1972 and the last day of that period was August 15, 1972.
In their opposition to the motion to dismiss plaintiffs contend that as the 90 day delay for taking the appeal begins to run one day after the expiration of the delay for applying for a new trial, it follows that the order for a devolutive appeal can be filed the day after the 90 day delay has run. We do not agree with the contention.
LSA-C.C.P. Art. 2087, quoted above, clearly allows the taking of the appeal only within 90 days of the expiration of the delay for applying for a new trial. In addition, as we have also emphasized, that article requires not only the taking of the appeal, but also the furnishing of the security within the 90 day period. Our settled jurisprudence is to this effect.[1] The furnishing of the security on August 18, 1972 was not in time even if plaintiffs’ contention was correct and we would be required to dismiss on the late furnishing of security alone.
For the reasons assigned, the motion to dismiss is maintained and the appeal taken by the plaintiffs herein is dismissed; costs to be paid by the plaintiffs-appellants.
Motion maintained; appeal dismissed.

. Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 189 So.2d 710; Welshons v. Lejeune, 248 So.2d 95; Thomas v. Reliance Insurance Company, La.App., 215 So.2d 515; Blanks v. S. H. Kress Company, La.App., 204 So.2d 722; Britt v. Brocato, La.App., 170 So.2d 516.