COVINGTON, Judge.
This Court, ex proprio motu, issued an order directing the plaintiff-appellant, Edna Mae Gilfore, wife of Julian Gilfore, to show cause why the appeal entered by appellant should not be dismissed, because the appeal appeared to have been untimely perfected.
The judgment of the trial court was signed on September 10,1974, and notice of judgment was mailed to counsel the same date. Therefore, the delays for filing a motion for a new trial began to run on the next day, September 11, 1974, and expired on the seventh day thereafter, exclusive of legal holidays, or on September 19, 1974; LSA-C.C.P. art. 1974. The appellant did not apply for a new trial, but filed a motion for a devolutive appeal on December 2, 1974. On December 26, 1974, appellant posted a cash bond in the amount of $250.00.
The ninety-day delay in which an appeal may be taken and the security therefor furnished began to run on the 20th day of September, 1974, and expired on December 19,1974. Thus the bond was filed seven days late and was not filed timely.
The law is clear that not only must the appeal order be taken within the appropriate ninety-day delay, but security must be furnished within the same period of time. Appellate courts do not acquire jurisdiction of appeals which have not been perfected by the filing of appeal bonds within the prescribed time and it is the duty of the court to dismiss such untimely appeals ex proprio motu Dezendorf v. Allstate Insurance Co., 247 So.2d 201 (La.App. 1 Cir. 1971); see also Reeves v. Reeves, 315 So.2d 162 (La.App. 1 Cir. 1975).
Appellant contends that since the reasons for judgment were rendered on September 18, 1974, that the delay for applying for a new trial did not commence until the following day, September 19,1974. Using this date as a starting point, appellant concludes that the December 26, 1974 posting of the cash bond was timely. There is no merit in appellant’s contention. The *1097 date of rendering written reasons for judgment is meaningless for purposes of fixing the time for appeals. The crucial time is the date of the signing of the judgment. All pertinent time periods affecting appeals are tied to the date the judgment is signed. See LSA-C.C.P. arts. 1974 and 2087.
For these reasons, appellant’s appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.